NO.
12-09-00322-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MARK
ALAN CRABTREE,                              §                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT 

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

Mark
Alan Crabtree appeals from his conviction for failure to comply with
registration requirements.  In three issues, Crabtree argues that the trial
court erred in overruling his motion to quash the indictment and that the
evidence is insufficient to support the conviction and the sentence.  We
affirm. 

 

Background

Appellant
was charged by indictment with the felony offense of failure to comply with
registration requirements.[1]
 The grand
jury alleged that Appellant, “a person required to register with the local law enforcement
authority in the county” by virtue of a “reportable conviction for Rape of a
Child in the First Degree,” intentionally or knowingly failed to register with
the local law enforcement authority.  Appellant pleaded not guilty.

Prior
to trial, Appellant moved to quash the indictment asserting that he could not
determine whether the indictment alleged a state jail felony, a third degree
felony, or a second degree felony.  The trial court overruled his motion.  A
jury trial was held, and the jury found Appellant guilty of the offense as a
second degree felony.  The jury assessed punishment at imprisonment for
eighteen years.  This appeal followed.

 

Motion to Quash

In
his first issue, Appellant argues that the trial court erred in denying his
motion to quash the indictment.  Specifically, he argues that he could not
determine which offense was alleged by the indictment.  

Standard
of Review

            A
party must raise objections to the form and substance of an indictment prior to
trial.  Tex. Code Crim. Proc. Ann. art.
1.14(b) (Vernon 2005).  We review a trial court’s ruling on a motion to quash
de novo.  See Smith v. State, 309 S.W.3d 10, 14 (Tex.
Crim. App. 2010); Moff v. State, 154 S.W.3d 599, 601 (Tex. Crim.
App. 2004).  Indictments may suffer from a defect of form or of substance.  A
defect of substance occurs when the indictment does not appear to change an
offense, when it appears on the face of the indictment that it is “barred by a
lapse of time or that the offense was committed after the finding of the
indictment,” when “it contains matter which is a legal defense or bar to the
prosecution,” or if the indictment shows on its face that the trial court lacks
jurisdiction.  Tex. Code Crim. Proc.
Ann. art. 27.08 (Vernon 2006).  

Where
the trial court should have quashed an indictment for a defect of substance, we
determine whether the case should be reversed applying the rule for
nonconstitutional error found in Texas Rule of Appellate Procedure 44.2(b).  See
Mercier v. State, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010); Smith
v. State, 309 S.W.3d 10, 18, 21 (Tex. Crim. App. 2010).  A defect of
form is present if the indictment fails to provide sufficient notice to the
defendant of the offense charged.  See Tex.
Code Crim. Proc. Ann. art. 21.19 (Vernon 2009).  The right to notice
from the face of the indictment is “substantial.” See Adams v.
State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).  Ultimately,
however, the question raised by a defect of form is whether a defendant had
“notice adequate to prepare his defense,” and an appellate court will not
reverse a conviction if the indictment is sufficient to provide the defendant
with the ability to prepare a defense.  Id. at 904.

 

Applicable
Law 

Persons
with a “reportable conviction” for certain offenses of a sexual nature must
register with the local law enforcement authority in any municipality where the
person resides or intends to reside for more than seven days.  See Tex. Code Crim. Proc. Ann. art.
62.051(a) (Vernon Supp. 2010).  The list of reportable convictions[2]
includes convictions
for the offenses of indecency with a child, sexual assault, aggravated sexual
assault, and prohibited sexual conduct, along with a list of several other
offenses.  See Tex. Code Crim.
Proc. Ann. art. 62.001(5) (Vernon Supp. 2010).  The statute also
classifies as a reportable conviction violations of the laws of another state,
the federal law, the laws of a foreign country, or the Uniform Code of Military
Justice if the elements of those offenses “are substantially similar to the
elements of the reportable convictions.”  Id. art. 62.001(5)(H). 


Unless
a court grants an early termination of the reporting requirement, the default
reporting period is for ten years from the date the person is released from a
penal institution.  See Tex. Code
Crim. Proc. Ann. art. 62.101(c) (Vernon 2006).  However, for those
convicted of more serious offenses, including those defined as sexually violent
offenses, the reporting requirement is for the lifetime of the offender.  Id.
art. 62.101(a).  The term “sexually violent offense” is defined by statute.  See
Tex. Code Crim. Proc. Ann. art.
62.001(6).  Sexually violent offenses include continuous sexual abuse of young
child or children, indecency with a child, sexual assault, aggravated sexual
assault, and other serious offenses when committed by a person older than
seventeen years of age.  Id.  Also included in the definition are
offenses under the laws of another state, federal law, the laws of a foreign
country, or the Uniform Code of Military Justice that contain elements that are
substantially similar to the elements of the listed Texas offenses.  Id. 
The frequency of required registration depends on the number of prior
convictions.  A person who has been convicted two or more times of a sexually
violent offense must register every ninety days.  See Tex. Code Crim. Proc. Ann. art.
62.058(a) (Vernon 2006).  Every other person required to register must do so
annually.  Id.  

How
often a person is required to register, and for how long, is important because
it determines the level of offense committed if the person does not comply with
the registration requirements.  The offense is a state jail felony if the
person has a ten year reporting requirement.  See Tex. Code Crim. Proc. Ann. art.
62.102(b)(1) (Vernon 2006).  The offense is a third degree felony if the person
has a lifetime annual reporting requirement, and it is a second degree felony
if the person has a lifetime reporting requirement and must report every ninety
days.  See Tex. Code Crim. Proc.
Ann. arts. 62.102(b)(2), (3).  Each level of the offense is a different
offense, and the additional facts supporting the higher levels of punishment
are elements of the offense, not sentencing enhancements.  See Juarez v.
State, 198 S.W.3d 790, 793–94 (Tex. Crim. App. 2006) (“We hold that the
subsections of Tex. Code Crim. Proc.
Ann. art. 62.10(b)[3]
describe
separate offenses and are not enhancement provisions.”).

Analysis

Appellant
argues that the trial court should have granted his motion to quash because it
was not possible to determine from the indictment what degree of felony offense
was alleged.  The relevant portions of the indictment in this case read as
follows:

 

On or about the
12th day of January, . . .  Mark Crabtree did then and there, while being a
person required to register with the local law enforcement authority in the
county where the defendant resided or intended to reside for more than seven
days, to wit: Smith County, because of a reportable conviction for Rape of a
Child in the First Degree, intentionally or knowingly fail to register with the
local law enforcement authority in said county.

 

 

In
order to be able to determine the degree of offense charged, it is necessary
for the indictment to convey whether the defendant was required to report for
ten years from his release from imprisonment or for his lifetime and whether he
must report annually or every ninety days.  If the reporting period is for ten
years, failure to comply with the registration statute is a state jail felony. 
See Tex. Code Crim. Proc. Ann. art.
62.102(b)(1).  If the defendant has a lifetime reporting requirement, failure
to comply with the statute is a second degree felony if he must report every
ninety days and a third degree felony if he must report annually.  Tex. Code Crim. Proc. Ann. arts.
62.058(a), 62.102(b)(2), (3).  

In
addition to alleging a prior conviction and the failure to comply with the
registration statute, an indictment could allege which subsection of the
failure to comply statute the defendant violated or it could allege the
parameters of the defendant’s reporting requirement.  See, e.g.,
Haley v. State, No. 06-09-00046-CR, 2009 Tex. App. LEXIS 8060, at
*4–5 (Tex. App.–Texarkana Oct. 16, 2009, no pet.) (mem. op., not designated for
publication).  However, this is not required.  The court of criminal
appeals has held that it is a “much preferred procedure” for the code
subsection to be pleaded in the indictment, but stopped short of requiring it. 
See Juarez v. State, 198 S.W.3d, 790, 792 n.7 (Tex. Crim. App.
2006).  In Mantooth v. State, 269 S.W.3d 68, 75 (Tex.
App.–Texarkana 2008, no pet.), the court of appeals held that the indictment
need not allege which code subsection was violated.  Instead, the court held
that an allegation of the prior conviction was sufficient to place the
defendant on notice of the alleged offense because he could match the prior
conviction with the corresponding subsection, a task the court called a
“question of law.”  Id. (“Once the State alleges a reportable
conviction, the determination of which subsection of Article 62.101 applies is
purely a question of law.”).[4]
 The court
based its conclusion on the footnote in the Juarez decision and
held that notice of the “reportable conviction provides sufficient notice to
the accused.”  Id. at 76.  

The
indictment in this case did not state which subsection of the failure to comply
statute applied to Appellant.  At the hearing on Appellant’s motion to quash,
the State argued that there was sufficient notice in the indictment to put
Appellant on notice of what he did, “which is failure to register.”  The State
then argued that after that, it was just a matter of “matching up the nature of
this offense to an offense in Texas that would categorize it as a second-degree,
third-degree, the length of time they have to register . . . .”  In other
words, the State argued that the indictment was sufficient to apprise Appellant
of what he had been charged with because it listed the prior conviction and his
failure to register.  We agree.  

The
indictment in this case alleges that Appellant has only one prior conviction. 
Because the second degree felony offense requires that the person have two or
more convictions or adjudications for a sexually violent offense–necessary to
impose the ninety day reporting requirement–the indictment does not charge a
second degree felony.[5]
 See Haley,
2009 Tex. App. LEXIS 8060, at *8 (“Further, because the indictment alleged only
one sexually violent offense rather than alleging two or more prior convictions
for said offense, it is clear that Haley was subject to the annual reporting
requirement rather than the ninety-day reporting requirement.”).  

In
order to determine whether the indictment alleged a third degree felony or a
state jail felony, Appellant would have to know whether the alleged prior
conviction, for “Rape of a Child in the First Degree,” was a sexually violent
offense that obligated him to report for his lifetime.  If it were a sexually
violent offense, he had a lifetime registration requirement, and the offense
was a third degree felony.  See Tex.
Code Crim. Proc. Ann. art. 62.102(b)(2).  Otherwise, the offense would
be a state jail felony.  Id. art. 62.102(b)(1).[6]  If it was not a reportable
offense, he committed no offense by failing to register. 

Texas
has no offense titled rape of a child, but the State had provided notice in a
separate pleading that Appellant had been convicted of that offense in the
State of Washington. To determine whether this offense is a sexually violent
offense, Appellant would need to determine whether the elements of that offense
were substantially similar to the offenses of sexual assault, aggravated sexual
assault, or any of the other offenses that are defined as sexually violent
offenses.  See Tex. Code Crim.
Proc. Ann. art.  62.001(6).  This is more extrapolation than is
necessary in most cases.  However, even if the indictment had alleged the
offense more specifically by stating which subsection applied, Appellant would
still have had to compare the alleged facts to the elements of the offense to
prepare his defense.   

The
elements of rape of a child in the first degree are (1) a person, (2) has
sexual intercourse, (3) with another who is less than twelve years old, (4) and
not married to the perpetrator, and (5) the perpetrator is at least twenty-four
months older than the victim.  Wash.
Rev. Code § 9A.44.073 (Lexis 2011).  Sexual intercourse is defined to
include penetration of the vagina or anus or sexual contact between the sex
organs of one person and the mouth or anus of the other.  Wash. Rev. Code § 9A.44.010(1) (Lexis
2011).  The statute has been in place since before this offense occurred,[7]
has not been
modified since, and is substantially similar[8]
to the Texas offense
of aggravated sexual assault, a sexually violent offense if committed by a
person over the age of seventeen. See Tex.
Penal Code Ann. § 22.021(b)(i); Tex.
Code Crim. Proc. Ann. art. 62.001(6)(A).  

At
the time the trial court ruled on the motion to quash, it had before it an
indictment which alleged that Appellant had failed to report and that he had a
reportable conviction for rape of a child in the first degree.  Because the
State did not allege under which section the duty to register expired or how
often Appellant had to register, the indictment forced him to make that
determination based on what was alleged, which was a single prior conviction. 
In this case, and from the face of the indictment, Appellant could conclude
that the grand jury alleged that his duty to register arose from a single prior
conviction for a sexually violent offense, which means his failure to comply
with registration requirements was a third degree felony.  See Tex. Code Crim. Proc. Ann. art.
62.102(b)(2).  

We
agree with the court of criminal appeals when it stated in the Juarez decision
that it is preferable to “plead the specific subsection in the indictment.” 
Because of differing naming conventions between the states, and even other
countries, there may be cases where the allegation of an offense from another
jurisdiction is not sufficient to put the defendant on notice of the level of
offense alleged in a given indictment.  In this case, however, it was possible
for Appellant to determine that the indictment alleged that he had a prior
conviction for a sexually violent offense, and so he could discern that he was
charged with a third degree offense.  Accordingly, the trial court did not err
in overruling the motion to quash the indictment.  We overrule Appellant’s
first issue.

 

Sufficiency of the Evidence

In
his remaining two issues, Appellant argues that the evidence is legally and
factually insufficient to support the verdict.  Specifically, he argues that
the evidence does not show that he had a duty to register because the Texas
Department of Public Safety (Department) had not determined that his
extrajurisdictional prior convictions were substantially similar to Texas
offenses.  Appellant also argues that there was no proof of the elements of the
State of Washington offense of Rape of Child in the First Degree.  

Standard
of Review 

Prior
to 2010, Texas appellate courts reviewed both the legal and factual sufficiency
of the evidence to support a verdict in a criminal case.  Legal sufficiency
review is defined by Jackson v. Virginia, 443 U.S. 307, 315-16,
99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).  Factual sufficiency review
is defined by Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  In October 2010, the court of criminal appeals held that there is
“no meaningful distinction between the Jackson v. Virginia legal
sufficiency standard and the Clewis factual sufficiency standard”
and overruled Clewis and its progeny.  See Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion).  The court held
that “the Jackson v. Virginia standard is the only standard that
a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.”   See id.  Accordingly,
we will not independently consider Appellant’s argument that the evidence is
factually insufficient to support the verdict.

When
reviewing the sufficiency of the evidence, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; Brooks
v. State, 323 S.W.3d at 899.  Under this standard, a reviewing court
does not sit as a thirteenth juror and may not substitute its judgment for that
of the fact finder by reevaluating the weight and credibility of the evidence. 
See Brooks, 323 S.W.3d at 899; Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, a reviewing court defers to
the fact finder’s resolution of conflicting evidence unless that resolution is
not rational in light of the burden of proof.  See Brooks,
323 S.W.3d at 899–900.  The duty of a reviewing court is to ensure that the
evidence presented actually supports a conclusion that the defendant committed
the crime.  See Williams v. State, 235 S.W.3d 742, 750 (Tex.
Crim. App. 2007).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that
“accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State=s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant is tried.”  Id.  

In
this case, to support Appellant’s conviction for failure to comply with
registration requirements as a second degree felony, the State’s evidence had
to show that Appellant was required to register, that he failed to comply with
that requirement, that his duty to register would expire under article
62.101(a), and that he was required to verify registration once every ninety
days under article 62.058.  See Tex.
Penal Code Ann. § 62.102(a), (b)(3).

Analysis

            In his second issue
and as part of his third issue, Appellant asserts that the State’s evidence is
insufficient because it failed to show that the Department had determined that
the relevant State of Washington statutes were substantially similar to the elements
of offenses under the laws of this state.[9]  His argument is based on article
62.003, Texas Code of Criminal Procedure, which charges the Department with
determining, for purposes of chapter 62, whether an offense under the law of
another state, federal law, the law of a foreign country, or the Uniform Code
of Military Justice contains elements that are substantially similar to the
elements of an offense under the law of this state.  Tex. Code Crim. Proc. Ann. art. 62.003(a) (Vernon 2006).  The Department is further charged
with making available to “each prosecuting attorney’s office in this state” the
criteria used to make that determination along with any existing record or
compilation of such offenses that the Department has already determined to contain
elements that are substantially similar to the elements of offense under the
laws of this state.  Id. art. 62.003(b).  Appeals of this
determination must be brought in a district court in Travis County.  Id.
art. 62.003(c).

            This duty corresponds
primarily with article 62.001, sections 5(H) and 6(D), which defines offenses
committed in other jurisdictions as either reportable convictions or as
sexually violent offenses if the elements of the offenses are substantially
similar to the elements of one of an enumerated group of Texas offenses.  Upon
first reading, this statute appears to place a very large burden on the
Department.  The statute appears to command the Department to survey the laws
of all fifty states, the federal laws, and the Uniform Code of Military Justice
along with the laws of each and every “foreign country” to determine if any of
their “laws” contain elements that are “substantially similar to the elements
of an offense under the laws of this state.”  Tex.
Code Crim. Proc. Ann. art. 62.003(a).  But the task would have to be
larger than a simple survey of every law in the entire world because neither
the laws of this state nor any other are static.  And so this duty would seem
to entail keeping track of the legislative process in the fifty states, every
foreign country, and the U.S. federal system.[10]
 Finally, because
some sex offenders serve lengthy sentences before being released, the
Department would be responsible for a survey of previous laws of the fifty
states, every foreign country, and the U.S. federal system and military code.[11]

            Perhaps this is why
article 62.003(b) anticipates that some of the laws of other jurisdictions will
not have “already” been determined to be substantially similar to Texas
statutes.  See Tex. Code Crim.
Proc. Ann. art. 62.003(b)(2).  Under Appellant’s reading of this statute,
however, no person convicted of an offense in a place other than Texas would
have a duty to register in Texas[12] until and unless the Department had determined that
the offense for which the person was convicted was substantially similar to one
of the enumerated Texas offenses.  We disagree.  

If the legislature wished to
define out of state convictions as the same or substantially similar to certain
offenses only if the Department had made such a determination, it would have
defined substantially similar offenses in that way.  Instead, the legislature
defined reportable and sexually violent offenses as specific Texas offenses and
offenses under the laws of other jurisdictions without regard to a vetting or
verification process by the Department.[13]  

We are mindful that we must read
all of the statutes together, but we are not persuaded that whether the
elements of foreign statutes are substantially similar to the elements of
certain Texas offenses is predicated on a determination by the Department.  The
statute obligates the Department to make determinations, but it does not
condition statutes being substantially similar on such a determination.  In
addition, though a minor point, there is no provision for admitting the opinion
of the Department into a trial.  It is not precisely clear how the statute
would apply under Appellant’s reading of it. But if it were an element of the
offense that the Department had determined that the underlying conviction was
substantially similar to a Texas offense, it seems reasonable that a provision
would be made to allow that determination into evidence.[14]
 Instead, the
statute simply mandates that the Department send a list to prosecuting
attorneys annually.  Tex. Code Crim.
Proc. Ann. art. 62.003(b).[15]

Appellant cites Ex parte
Harbin, 297 S.W.3d 283 (Tex. Crim. App. 2009), for the proposition that
the Department must make a finding of substantial similarity before a person is
required to register.  We do not read the Harbin decision to make
that holding.  The Harbin decision is complicated by various
savings clauses in the relevant statutes, but the crux of the court’s holding
is the statement that “[t]he record indicates that DPS has not determined that
a conviction under California Penal Code § 647.6 is substantially similar to
any offense requiring registration in Texas.”  Id. at 287. 
Earlier in the opinion, the court noted that the applicant had asserted that “a
2008 determination by DPS conclusively establishes that California Penal Code §
647.6 is not substantially similar to a Texas offense requiring registration
under the Sex Offender Registration Act (SORA).”  Id. at 285. 
Later in the opinion, the court states that the Department “does not list
California Penal Code § 647.6 as a reportable conviction.”  Id.
at 287.  

The first sentence can be read to
mean that a conviction from another state does not require registration unless
the Department has made a determination of substantial similarity.  This is
Appellant’s argument.  However, in light of an unchallenged assertion that the
DPS had made a negative finding of substantial similarity in the Harbin case–surely
the court would have corrected that assertion if the DPS had not made any
finding at all–it is much more reasonable to read the first sentence to mean
that a determination had been made, and the determination was that violation of
section 647.6 is not a reportable offense.  If the Department had determined
that the statutes were not substantially similar, it is reasonable to conclude
that the person does not have a reportable conviction.  But that is different
from concluding that offenses are not substantially similar unless there is a
finding by the Department.  

In sum, the legislature could
have defined reportable offenses and sexually violent offenses as specific
Texas offenses and offenses from other jurisdictions that the Department had
determined were substantially similar to those offenses.  The legislature did
not define reportable offenses and sexually violent offenses in that way.  Therefore,
we hold that a determination by the Department that an offense is substantially
similar to a Texas offense is not an element of the offense of failure to
comply with registration requirements.  Accordingly, we overrule this part of
Appellant’s second issue and his third issue.[16]
 

In the conclusion of his second
issue, Appellant argues, in the form of a factual sufficiency challenge to the
evidence, that the “evidence before the Court fails to provide any basis from
which one could conclude that the alleged Washington State rape of a child
offense contained elements substantially similar to that of a Texas offense
requiring registration.”  In the next sentence, he asserts that there was no
evidence “placed before the jury that detailed the elements of the alleged
Washington conviction.”  We disagree.  

It appears that Appellant is
correct when he asserts that the deputy sheriff who determined that the rape of
a child offense was substantially similar to a Texas offense based her
conclusion on the title of the offense and that she did not consider the
elements of the offense.  This is problematic because the statute requires an
evaluation and comparison of the elements of the offenses, not their names.  See
Tex. Code Crim. Proc. Ann. art.
62.001(5)(H).  However, the State also introduced records of Appellant’s prior
convictions from the State of Washington.  Those records included charging
documents and documents showing that Appellant had admitted committing the
offense of rape of a child.[17]
 Included in the
charging documents were the elements of the offense as alleged in that case.  
Accordingly, there was evidence before the jury of the elements of the offense
committed by Appellant.  See Tex. Dep’t of Pub. Safety v. Garcia,
327 S.W.3d 898, 906 (Tex. App.–Austin 2010, pet. filed) (determination of
substantial similarity may depend on the facts and circumstances of prior
conviction, especially when out-of-state statute can be violated in a way that
is not an offense in Texas).  Therefore, Appellant’s argument that there was no
evidence of the elements of the Washington State conviction is not supported by
the record.  We overrule this part of Appellant’s second issue.

 

Disposition

Having overruled Appellant’s
three issues, we affirm the judgment of the trial court.

 

 

James T. Worthen

                                                                              
                Chief Justice

 

 

 

 

Opinion
delivered March 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] See Tex. Code Crim. Proc. Ann. art. §
62.102 (Vernon 2006). 





[2] In this
opinion, we focus on the registration requirements for those convicted of
offenses because it was alleged that Appellant had a prior conviction that
required him to report.  There are also reporting requirements for certain
individuals who are on community supervision or parole or have been adjudicated
for delinquent conduct.    





[3]  This
statute has been renumbered to article 62.102.  See Act of June 18,
2005, 79th Leg., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3405, 3407,
effective September 1, 2005. 





[4] We
understand the court in Mantooth to hold that it is the specific
subsection that need not be alleged, not that the elements of the offense which
determine which offense is alleged can be omitted.  This interpretation is
consistent with the Mantooth decision and also with the Juarez
decision, which holds that the facts which cause the offense to be a
second or third degree felony are elements of the offense.  See Juarez,
198 S.W.3d at 793–94.  

 





[5] On appeal,
the State argues that Appellant was on notice that the State “was seeking a
second degree felony punishment based upon the fact that Appellant had a
conviction for what constituted a sexually violent offense.”  Although a
conviction for a second degree felony requires proof of more than one
conviction for a sexually violent offense, the State offers three means by
which Appellant had notice the charged offense was second degree felony: (1)
the indictment bears a handwritten notation of “F2,” which it asserted denotes
a second degree felony; (2) the State gave pretrial notice of intent to offer
other convictions, including a sexually violent offense, pursuant to rule
404(b), rule 609, and article 37.07; and (3) Appellant told the arresting
officers that he “expected” to be arrested for failing to register.  We need
not consider this argument because the indictment charges a specific offense
and because Appellant does not complain of a variance between the indictment
and the resulting conviction.  C.f. See Juarez, 198 S.W.3d at 792
n.11 (court of criminal appeals noted but did not address variance between
indictment, proof, and judgment). 

 





[6] Implicit in
our reasoning is a conclusion, based on the Juarez decision,
that the State is bound by the elements pleaded in the indictment
because the specifics of the reportable conviction or convictions are “elements
that determine the degree of felony,” akin to the burglary statute, which also
defines greater offense levels that depend on additional proof.  See Juarez,
198 S.W.3d at 793–94 (“The elements of an offense must be charged in the
indictment, submitted to a jury, and proven by the state beyond a reasonable
doubt.”); see also Fuller v. State, 73 S.W.3d 250, 255 (Tex.
Crim. App. 2002) (Keller, P.J., concurring) (“When a statute lists more than
one method of committing an offense, and the indictment alleges some, but not
all, of the statutorily listed methods, the State is limited to the methods
alleged.”).  

 





[7] See In
re Pers. Restraint of Crabtree, 141 Wn.2d 577, 585 (Wash. 2000) 
(Supreme Court of Washington denied relief on Appellant’s claim that rape of a
child offense had not been in effect at the time he committed the crime). 

 





[8]
Appellant does not argue for purposes of the motion to quash that the elements
of the offense of rape of a child are not substantially similar to the elements
of aggravated sexual assault.  





[9] In his second
and third issues, Appellant argues that the evidence is insufficient to show
that he had a reportable conviction or that he had two prior convictions for
sexually violent offenses because the Department had not determined that his
prior convictions were substantially similar to relevant Texas offenses.  We
will address these issues together as they both turn on whether the State must
prove that the Department has made a determination about the relevant
statutes.   

 





[10] It is
unclear if the term “laws of a foreign country” applies only to the federal
laws of a foreign country.  If not, the Department would also be responsible
for monitoring and evaluating the laws of each political subdivision of each
country in the world. 

 





[11] Appellant
does not argue that the procedure for determining whether offenses are
substantially similar is inadequate, just that it was not done by the
Department in this case.  C.f. Doe v. Pryor, 61 F. Supp.
2d 1224, 1234 (M.D. Ala. 1999) (informal comparison of statutes by nonlawyer
under Alabama scheme unconstitutional).

   





[12] There
is a statute that provides for reciprocal registration for those who were
convicted of offenses outside of Texas.  See Tex. Code Crim. Proc. Ann. art. 62.052 (Vernon 2006).  That
scheme is not implicated in this case. 

 





[13] By way of
contrasting example, persons who are required to register as sex offenders
under the laws of another state but not under the general Texas reporting law
are required to register only if the Department has entered into an agreement
with the other state.  See Tex.
Code Crim. Proc. Ann. art. 62.001(10). 

 





[14] In Robertson
v. State, No. 11-07-00098-CR, 2008 Tex. App. LEXIS 8137, at *10 (Tex.
App.–Eastland October 23, 2008, pet. ref’d) (mem. op., not designated for
publication), a “sex offender registration agent at the Texas Department of
Public Safety verified that a Louisiana conviction was a reportable conviction
under Texas law.”

 





[15] The parties
did not cite, and we were unable to find, any administrative rules related to
this duty placed on the Department.  The list sent to prosecutors was not
offered at trial.  The State did not offer evidence that the Department had
made a determination that any of Appellant’s prior convictions were for
sexually violent offenses. The sheriff’s deputy who made the determination that
Appellant had a reportable conviction, which occurred shortly before he was
arrested, testified that she sent the Department her conclusion that
Appellant’s prior convictions were for sexually violent offenses.  She
testified that she did not receive a response, which she interpreted to mean
that the paperwork was “fine” or that it had not been processed.  The same
deputy testified, without objection, that it was for the jury to determine if the
offenses were substantially similar and that defendants pleaded guilty and were
found guilty in cases where the Department had not responded.  





[16] One
commentator has described article 62.003 as unique, and noted that most other
states predicate registration on a duty to report in the state in which the
conviction was obtained, on whether the foreign conviction would require
registration in the new home state, or on whether the other conviction is
similar to a home state offense. See Wayne Logan, Horizontal
Federalism in an Age of Criminal Justice Interconnectedness, 154 U. Pa. L. Rev. 257, 285-86 (2005). 

 





[17] The
parties stipulated to a printout of the Washington State “Rape of a Child in
the First Degree” statute, and the trial court took judicial notice of that
statute.  The trial court also took notice of a Washington definitional
statute.  The court did not take judicial notice of any other laws, the
statutes were not provided to the jury, and the court did not announce to the
jury that it had taken judicial notice of the Washington law.