# NO. 12-09-00322-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK ALAN CRABTREE,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Mark Alan Crabtree appeals from his conviction for failure to comply with registration requirements. In three issues, Crabtree argues that the trial court erred in overruling his motion to quash the indictment and that the evidence is insufficient to support the conviction and the sentence. We affirm.

### BACKGROUND

Appellant was charged by indictment with the felony offense of failure to comply with registration requirements.[1] The grand jury alleged that Appellant, "a person required to register with the local law enforcement authority in the county" by virtue of a "reportable conviction for Rape of a Child in the First Degree," intentionally or knowingly failed to register with the local law enforcement authority. Appellant pleaded not guilty.

Prior to trial, Appellant moved to quash the indictment asserting that he could not determine whether the indictment alleged a state jail felony, a third degree felony, or a second degree felony.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. § 62.102 (Vernon 2006).

The trial court overruled his motion. A jury trial was held, and the jury found Appellant guilty of the offense as a second degree felony. The jury assessed punishment at imprisonment for eighteen years. This appeal followed.

MOTION TO QUASH

In his first issue, Appellant argues that the trial court erred in denying his motion to quash the indictment. Specifically, he argues that he could not determine which offense was alleged by the indictment.

**Standard of Review**

A party must raise objections to the form and substance of an indictment prior to trial. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005). We review a trial court's ruling on a motion to quash de novo. *See Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010); *Moff v. State*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Indictments may suffer from a defect of form or of substance. A defect of substance occurs when the indictment does not appear to change an offense, when it appears on the face of the indictment that it is "barred by a lapse of time or that the offense was committed after the finding of the indictment," when "it contains matter which is a legal defense or bar to the prosecution," or if the indictment shows on its face that the trial court lacks jurisdiction. TEX. CODE CRIM. PROC. ANN. art. 27.08 (Vernon 2006).

Where the trial court should have quashed an indictment for a defect of substance, we determine whether the case should be reversed applying the rule for nonconstitutional error found in Texas Rule of Appellate Procedure 44.2(b). *See Mercier v. State*, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010); *Smith v. State*, 309 S.W.3d 10, 18, 21 (Tex. Crim. App. 2010). A defect of form is present if the indictment fails to provide sufficient notice to the defendant of the offense charged. *See* TEX. CODE CRIM. PROC. ANN. art. 21.19 (Vernon 2009). The right to notice from the face of the indictment is "substantial." *See Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). Ultimately, however, the question raised by a defect of form is whether a defendant had "notice adequate to prepare his defense," and an appellate court will not reverse a conviction if the indictment is sufficient to provide the defendant with the ability to prepare a defense. *Id*. at 904.

**Applicable Law**

Persons with a "reportable conviction" for certain offenses of a sexual nature must register with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (Vernon Supp. 2010). The list of reportable convictions[2] includes convictions for the offenses of indecency with a child, sexual assault, aggravated sexual assault, and prohibited sexual conduct, along with a list of several other offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (Vernon Supp. 2010). The statute also classifies as a reportable conviction violations of the laws of another state, the federal law, the laws of a foreign country, or the Uniform Code of Military Justice if the elements of those offenses "are substantially similar to the elements of the reportable convictions." *Id*. art. 62.001(5)(H).

Unless a court grants an early termination of the reporting requirement, the default reporting period is for ten years from the date the person is released from a penal institution. *See* TEX. CODE CRIM. PROC. ANN. art. 62.101(c) (Vernon 2006). However, for those convicted of more serious offenses, including those defined as sexually violent offenses, the reporting requirement is for the lifetime of the offender. *Id*. art. 62.101(a). The term "sexually violent offense" is defined by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(6). Sexually violent offenses include continuous sexual abuse of young child or children, indecency with a child, sexual assault, aggravated sexual assault, and other serious offenses when committed by a person older than seventeen years of age. *Id*. Also included in the definition are offenses under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice that contain elements that are substantially similar to the elements of the listed Texas offenses. *Id*. The frequency of required registration depends on the number of prior convictions. A person who has been convicted two or more times of a sexually violent offense must register every ninety days. *See* TEX. CODE CRIM. PROC. ANN. art. 62.058(a) (Vernon 2006). Every other person required to register must do so annually. *Id*.

How often a person is required to register, and for how long, is important because it determines the level of offense committed if the person does not comply with the registration requirements. The offense is a state jail felony if the person has a ten year reporting requirement.

---

[2] In this opinion, we focus on the registration requirements for those convicted of offenses because it was alleged that Appellant had a prior conviction that required him to report. There are also reporting requirements for certain individuals who are on community supervision or parole or have been adjudicated for delinquent conduct.

*See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(1) (Vernon 2006).   The offense is a third degree felony if the person has a lifetime annual reporting requirement, and it is a second degree felony if the person has a lifetime reporting requirement and must report every ninety days.   *See* TEX. CODE CRIM. PROC. ANN. arts. 62.102(b)(2), (3).   Each level of the offense is a different offense, and the additional facts supporting the higher levels of punishment are elements of the offense, not sentencing enhancements.   *See Juarez v. State*, 198 S.W.3d 790, 793–94 (Tex. Crim. App. 2006) ("We hold that the subsections of TEX. CODE CRIM. PROC. ANN. art. 62.10(b)[3] describe separate offenses and are not enhancement provisions.").

## Analysis

Appellant argues that the trial court should have granted his motion to quash because it was not possible to determine from the indictment what degree of felony offense was alleged.   The relevant portions of the indictment in this case read as follows:

> On or about the 12th day of January, . . .  Mark Crabtree did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to wit: Smith County, because of a reportable conviction for Rape of a Child in the First Degree, intentionally or knowingly fail to register with the local law enforcement authority in said county.

In order to be able to determine the degree of offense charged, it is necessary for the indictment to convey whether the defendant was required to report for ten years from his release from imprisonment or for his lifetime and whether he must report annually or every ninety days.   If the reporting period is for ten years, failure to comply with the registration statute is a state jail felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(1).   If the defendant has a lifetime reporting requirement, failure to comply with the statute is a second degree felony if he must report every ninety days and a third degree felony if he must report annually.   TEX. CODE CRIM. PROC. ANN. arts. 62.058(a), 62.102(b)(2), (3).

In addition to alleging a prior conviction and the failure to comply with the registration statute, an indictment could allege which subsection of the failure to comply statute the defendant violated or it could allege the parameters of the defendant's reporting requirement.   *See*, *e.g.*, *Haley v. State*, No.

---

[3]  This statute has been renumbered to article 62.102.   *See* Act of June 18, 2005, 79th Leg., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3405, 3407, effective September 1, 2005.

06-09-00046-CR, 2009 Tex. App. LEXIS 8060, at \*4–5 (Tex. App.–Texarkana Oct. 16, 2009, no pet.) (mem. op., not designated for publication).   However, this is not required.   The court of criminal appeals has held that it is a "much preferred procedure" for the code subsection to be pleaded in the indictment, but stopped short of requiring it.   *See Juarez v. State*, 198 S.W.3d, 790, 792 n.7 (Tex. Crim. App. 2006).   In *Mantooth v. State*, 269 S.W.3d 68, 75 (Tex. App.–Texarkana 2008, no pet.), the court of appeals held that the indictment need not allege which code subsection was violated.   Instead, the court held that an allegation of the prior conviction was sufficient to place the defendant on notice of the alleged offense because he could match the prior conviction with the corresponding subsection, a task the court called a "question of law."   *Id*. ("Once the State alleges a reportable conviction, the determination of which subsection of Article 62.101 applies is purely a question of law.").[4]   The court based its conclusion on the footnote in the *Juarez* decision and held that notice of the "reportable conviction provides sufficient notice to the accused."   *Id*. at 76.

The indictment in this case did not state which subsection of the failure to comply statute applied to Appellant.   At the hearing on Appellant's motion to quash, the State argued that there was sufficient notice in the indictment to put Appellant on notice of what he did, "which is failure to register."   The State then argued that after that, it was just a matter of "matching up the nature of this offense to an offense in Texas that would categorize it as a second-degree, third-degree, the length of time they have to register . . . ."   In other words, the State argued that the indictment was sufficient to apprise Appellant of what he had been charged with because it listed the prior conviction and his failure to register.   We agree.

The indictment in this case alleges that Appellant has only one prior conviction.   Because the second degree felony offense requires that the person have two or more convictions or adjudications for a sexually violent offense–necessary to impose the ninety day reporting requirement–the indictment does not charge a second degree felony.[5]   *See Haley*, 2009 Tex. App. LEXIS 8060, at \*8

---

[4] We understand the court in *Mantooth* to hold that it is the specific subsection that need not be alleged, not that the elements of the offense which determine which offense is alleged can be omitted.   This interpretation is consistent with the *Mantooth* decision and also with the *Juarez* decision, which holds that the facts which cause the offense to be a second or third degree felony are elements of the offense.   *See Juarez*, 198 S.W.3d at 793–94.

[5] On appeal, the State argues that Appellant was on notice that the State "was seeking a second degree felony punishment based upon the fact that Appellant had a conviction for what constituted a sexually violent offense."   Although a conviction for a second degree felony requires proof of more than one conviction for a sexually violent offense, the State offers three means by which Appellant had notice the charged offense was second degree felony: (1) the indictment bears a handwritten notation of "F2," which it asserted denotes a second degree felony; (2) the State gave

("Further, because the indictment alleged only one sexually violent offense rather than alleging two or more prior convictions for said offense, it is clear that Haley was subject to the annual reporting requirement rather than the ninety-day reporting requirement.").

In order to determine whether the indictment alleged a third degree felony or a state jail felony, Appellant would have to know whether the alleged prior conviction, for "Rape of a Child in the First Degree," was a sexually violent offense that obligated him to report for his lifetime. If it were a sexually violent offense, he had a lifetime registration requirement, and the offense was a third degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). Otherwise, the offense would be a state jail felony. *Id*. art. 62.102(b)(1).[6] If it was not a reportable offense, he committed no offense by failing to register.

Texas has no offense titled rape of a child, but the State had provided notice in a separate pleading that Appellant had been convicted of that offense in the State of Washington. To determine whether this offense is a sexually violent offense, Appellant would need to determine whether the elements of that offense were substantially similar to the offenses of sexual assault, aggravated sexual assault, or any of the other offenses that are defined as sexually violent offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(6). This is more extrapolation than is necessary in most cases. However, even if the indictment had alleged the offense more specifically by stating which subsection applied, Appellant would still have had to compare the alleged facts to the elements of the offense to prepare his defense.

The elements of rape of a child in the first degree are (1) a person, (2) has sexual intercourse, (3) with another who is less than twelve years old, (4) and not married to the perpetrator, and (5) the perpetrator is at least twenty-four months older than the victim. WASH. REV. CODE § 9A.44.073

---

pretrial notice of intent to offer other convictions, including a sexually violent offense, pursuant to rule 404(b), rule 609, and article 37.07; and (3) Appellant told the arresting officers that he "expected" to be arrested for failing to register. We need not consider this argument because the indictment charges a specific offense and because Appellant does not complain of a variance between the indictment and the resulting conviction. *C.f. See Juarez*, 198 S.W.3d at 792 n.11 (court of criminal appeals noted but did not address variance between indictment, proof, and judgment).

[6] Implicit in our reasoning is a conclusion, based on the *Juarez* decision, that the State is bound by the elements pleaded in the indictment because the specifics of the reportable conviction or convictions are "elements that determine the degree of felony," akin to the burglary statute, which also defines greater offense levels that depend on additional proof. *See Juarez*, 198 S.W.3d at 793–94 ("The elements of an offense must be charged in the indictment, submitted to a jury, and proven by the state beyond a reasonable doubt."); *see also Fuller v. State*, 73 S.W.3d 250, 255 (Tex. Crim. App. 2002) (Keller, P.J., concurring) ("When a statute lists more than one method of committing an offense, and the indictment alleges some, but not all, of the statutorily listed methods, the State is limited to the methods alleged.").

(Lexis 2011). Sexual intercourse is defined to include penetration of the vagina or anus or sexual contact between the sex organs of one person and the mouth or anus of the other. WASH. REV. CODE § 9A.44.010(1) (Lexis 2011). The statute has been in place since before this offense occurred,[7] has not been modified since, and is substantially similar[8] to the Texas offense of aggravated sexual assault, a sexually violent offense if committed by a person over the age of seventeen. *See* TEX. PENAL CODE ANN. § 22.021(b)(i); TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A).

At the time the trial court ruled on the motion to quash, it had before it an indictment which alleged that Appellant had failed to report and that he had a reportable conviction for rape of a child in the first degree. Because the State did not allege under which section the duty to register expired or how often Appellant had to register, the indictment forced him to make that determination based on what was alleged, which was a single prior conviction. In this case, and from the face of the indictment, Appellant could conclude that the grand jury alleged that his duty to register arose from a single prior conviction for a sexually violent offense, which means his failure to comply with registration requirements was a third degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2).

We agree with the court of criminal appeals when it stated in the ***Juarez*** decision that it is preferable to "plead the specific subsection in the indictment." Because of differing naming conventions between the states, and even other countries, there may be cases where the allegation of an offense from another jurisdiction is not sufficient to put the defendant on notice of the level of offense alleged in a given indictment. In this case, however, it was possible for Appellant to determine that the indictment alleged that he had a prior conviction for a sexually violent offense, and so he could discern that he was charged with a third degree offense. Accordingly, the trial court did not err in overruling the motion to quash the indictment. We overrule Appellant's first issue.

### SUFFICIENCY OF THE EVIDENCE

In his remaining two issues, Appellant argues that the evidence is legally and factually insufficient to support the verdict. Specifically, he argues that the evidence does not show that he

---

[7] *See **In re Pers. Restraint of Crabtree***, 141 Wn.2d 577, 585 (Wash. 2000) (Supreme Court of Washington denied relief on Appellant's claim that rape of a child offense had not been in effect at the time he committed the crime).

[8] Appellant does not argue for purposes of the motion to quash that the elements of the offense of rape of a child are not substantially similar to the elements of aggravated sexual assault.

had a duty to register because the Texas Department of Public Safety (Department) had not determined that his extrajurisdictional prior convictions were substantially similar to Texas offenses. Appellant also argues that there was no proof of the elements of the State of Washington offense of Rape of Child in the First Degree.

**Standard of Review**

Prior to 2010, Texas appellate courts reviewed both the legal and factual sufficiency of the evidence to support a verdict in a criminal case. Legal sufficiency review is defined by *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). Factual sufficiency review is defined by *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In October 2010, the court of criminal appeals held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual sufficiency standard" and overruled *Clewis* and its progeny. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion). The court held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See id.* Accordingly, we will not independently consider Appellant's argument that the evidence is factually insufficient to support the verdict.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *Brooks v. State*, 323 S.W.3d at 899. Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a

charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In this case, to support Appellant's conviction for failure to comply with registration requirements as a second degree felony, the State's evidence had to show that Appellant was required to register, that he failed to comply with that requirement, that his duty to register would expire under article 62.101(a), and that he was required to verify registration once every ninety days under article 62.058. *See* TEX. PENAL CODE ANN. § 62.102(a), (b)(3).

**Analysis**

In his second issue and as part of his third issue, Appellant asserts that the State's evidence is insufficient because it failed to show that the Department had determined that the relevant State of Washington statutes were substantially similar to the elements of offenses under the laws of this state.[9] His argument is based on article 62.003, Texas Code of Criminal Procedure, which charges the Department with determining, for purposes of chapter 62, whether an offense under the law of another state, federal law, the law of a foreign country, or the Uniform Code of Military Justice contains elements that are substantially similar to the elements of an offense under the law of this state. TEX. CODE CRIM. PROC. ANN. art. 62.003(a) (Vernon 2006). The Department is further charged with making available to "each prosecuting attorney's office in this state" the criteria used to make that determination along with any existing record or compilation of such offenses that the Department has already determined to contain elements that are substantially similar to the elements of offense under the laws of this state. *Id*. art. 62.003(b). Appeals of this determination must be brought in a district court in Travis County. *Id*. art. 62.003(c).

This duty corresponds primarily with article 62.001, sections 5(H) and 6(D), which defines offenses committed in other jurisdictions as either reportable convictions or as sexually violent offenses if the elements of the offenses are substantially similar to the elements of one of an enumerated group of Texas offenses. Upon first reading, this statute appears to place a very large burden on the Department. The statute appears to command the Department to survey the laws of all

---

[9] In his second and third issues, Appellant argues that the evidence is insufficient to show that he had a reportable conviction or that he had two prior convictions for sexually violent offenses because the Department had not determined that his prior convictions were substantially similar to relevant Texas offenses. We will address these issues together as they both turn on whether the State must prove that the Department has made a determination about the relevant statutes.

fifty states, the federal laws, and the Uniform Code of Military Justice along with the laws of each and every "foreign country" to determine if any of their "laws" contain elements that are "substantially similar to the elements of an offense under the laws of this state." TEX. CODE CRIM. PROC. ANN. art. 62.003(a). But the task would have to be larger than a simple survey of every law in the entire world because neither the laws of this state nor any other are static. And so this duty would seem to entail keeping track of the legislative process in the fifty states, every foreign country, and the U.S. federal system.[10] Finally, because some sex offenders serve lengthy sentences before being released, the Department would be responsible for a survey of previous laws of the fifty states, every foreign country, and the U.S. federal system and military code.[11]

Perhaps this is why article 62.003(b) anticipates that some of the laws of other jurisdictions will not have "already" been determined to be substantially similar to Texas statutes. *See* TEX. CODE CRIM. PROC. ANN. art. 62.003(b)(2). Under Appellant's reading of this statute, however, no person convicted of an offense in a place other than Texas would have a duty to register in Texas[12] until and unless the Department had determined that the offense for which the person was convicted was substantially similar to one of the enumerated Texas offenses. We disagree.

If the legislature wished to define out of state convictions as the same or substantially similar to certain offenses only if the Department had made such a determination, it would have defined substantially similar offenses in that way. Instead, the legislature defined reportable and sexually violent offenses as specific Texas offenses and offenses under the laws of other jurisdictions without regard to a vetting or verification process by the Department.[13]

---

[10] It is unclear if the term "laws of a foreign country" applies only to the federal laws of a foreign country. If not, the Department would also be responsible for monitoring and evaluating the laws of each political subdivision of each country in the world.

[11] Appellant does not argue that the procedure for determining whether offenses are substantially similar is inadequate, just that it was not done by the Department in this case. *C.f. **Doe v. Pryor***, 61 F. Supp. 2d 1224, 1234 (M.D. Ala. 1999) (informal comparison of statutes by nonlawyer under Alabama scheme unconstitutional).

[12] There is a statute that provides for reciprocal registration for those who were convicted of offenses outside of Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 62.052 (Vernon 2006). That scheme is not implicated in this case.

[13] By way of contrasting example, persons who are required to register as sex offenders under the laws of another state but not under the general Texas reporting law are required to register only if the Department has entered into an agreement with the other state. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(10).

We are mindful that we must read all of the statutes together, but we are not persuaded that whether the elements of foreign statutes are substantially similar to the elements of certain Texas offenses is predicated on a determination by the Department. The statute obligates the Department to make determinations, but it does not condition statutes being substantially similar on such a determination. In addition, though a minor point, there is no provision for admitting the opinion of the Department into a trial. It is not precisely clear how the statute would apply under Appellant's reading of it. But if it were an element of the offense that the Department had determined that the underlying conviction was substantially similar to a Texas offense, it seems reasonable that a provision would be made to allow that determination into evidence.[14] Instead, the statute simply mandates that the Department send a list to prosecuting attorneys annually. TEX. CODE CRIM. PROC. ANN. art. 62.003(b).[15]

Appellant cites *Ex parte Harbin*, 297 S.W.3d 283 (Tex. Crim. App. 2009), for the proposition that the Department must make a finding of substantial similarity before a person is required to register. We do not read the *Harbin* decision to make that holding. The *Harbin* decision is complicated by various savings clauses in the relevant statutes, but the crux of the court's holding is the statement that "[t]he record indicates that DPS has not determined that a conviction under California Penal Code § 647.6 is substantially similar to any offense requiring registration in Texas." *Id*. at 287. Earlier in the opinion, the court noted that the applicant had asserted that "a 2008 determination by DPS conclusively establishes that California Penal Code § 647.6 is not substantially similar to a Texas offense requiring registration under the Sex Offender Registration Act (SORA)." *Id*. at 285. Later in the opinion, the court states that the Department "does not list California Penal Code § 647.6 as a reportable conviction." *Id*. at 287.

---

[14] In *Robertson v. State*, No. 11-07-00098-CR, 2008 Tex. App. LEXIS 8137, at *10 (Tex. App.–Eastland October 23, 2008, pet. ref'd) (mem. op., not designated for publication), a "sex offender registration agent at the Texas Department of Public Safety verified that a Louisiana conviction was a reportable conviction under Texas law."

[15] The parties did not cite, and we were unable to find, any administrative rules related to this duty placed on the Department. The list sent to prosecutors was not offered at trial. The State did not offer evidence that the Department had made a determination that any of Appellant's prior convictions were for sexually violent offenses. The sheriff's deputy who made the determination that Appellant had a reportable conviction, which occurred shortly before he was arrested, testified that she sent the Department her conclusion that Appellant's prior convictions were for sexually violent offenses. She testified that she did not receive a response, which she interpreted to mean that the paperwork was "fine" or that it had not been processed. The same deputy testified, without objection, that it was for the jury to determine if the offenses were substantially similar and that defendants pleaded guilty and were found guilty in cases where the Department had not responded.

The first sentence can be read to mean that a conviction from another state does not require registration unless the Department has made a determination of substantial similarity. This is Appellant's argument. However, in light of an unchallenged assertion that the DPS had made a negative finding of substantial similarity in the ***Harbin*** case–surely the court would have corrected that assertion if the DPS had not made any finding at all–it is much more reasonable to read the first sentence to mean that a determination had been made, and the determination was that violation of section 647.6 is not a reportable offense. If the Department had determined that the statutes were not substantially similar, it is reasonable to conclude that the person does not have a reportable conviction. But that is different from concluding that offenses are not substantially similar unless there is a finding by the Department.

In sum, the legislature could have defined reportable offenses and sexually violent offenses as specific Texas offenses and offenses from other jurisdictions that the Department had determined were substantially similar to those offenses. The legislature did not define reportable offenses and sexually violent offenses in that way. Therefore, we hold that a determination by the Department that an offense is substantially similar to a Texas offense is not an element of the offense of failure to comply with registration requirements. Accordingly, we overrule this part of Appellant's second issue and his third issue.[16]

In the conclusion of his second issue, Appellant argues, in the form of a factual sufficiency challenge to the evidence, that the "evidence before the Court fails to provide any basis from which one could conclude that the alleged Washington State rape of a child offense contained elements substantially similar to that of a Texas offense requiring registration." In the next sentence, he asserts that there was no evidence "placed before the jury that detailed the elements of the alleged Washington conviction." We disagree.

It appears that Appellant is correct when he asserts that the deputy sheriff who determined that the rape of a child offense was substantially similar to a Texas offense based her conclusion on the title of the offense and that she did not consider the elements of the offense. This is problematic

---

[16] One commentator has described article 62.003 as unique, and noted that most other states predicate registration on a duty to report in the state in which the conviction was obtained, on whether the foreign conviction would require registration in the new home state, or on whether the other conviction is similar to a home state offense. *See* Wayne Logan, *Horizontal Federalism in an Age of Criminal Justice Interconnectedness*, 154 U. PA. L. REV. 257, 285-86 (2005).

12

because the statute requires an evaluation and comparison of the elements of the offenses, not their names. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(H). However, the State also introduced records of Appellant's prior convictions from the State of Washington. Those records included charging documents and documents showing that Appellant had admitted committing the offense of rape of a child.[17] Included in the charging documents were the elements of the offense as alleged in that case. Accordingly, there was evidence before the jury of the elements of the offense committed by Appellant. *See **Tex. Dep't of Pub. Safety v. Garcia***, 327 S.W.3d 898, 906 (Tex. App.–Austin 2010, pet. filed) (determination of substantial similarity may depend on the facts and circumstances of prior conviction, especially when out-of-state statute can be violated in a way that is not an offense in Texas). Therefore, Appellant's argument that there was no evidence of the elements of the Washington State conviction is not supported by the record. We overrule this part of Appellant's second issue.

### DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered March 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

---

[17] The parties stipulated to a printout of the Washington State "Rape of a Child in the First Degree" statute, and the trial court took judicial notice of that statute. The trial court also took notice of a Washington definitional statute. The court did not take judicial notice of any other laws, the statutes were not provided to the jury, and the court did not announce to the jury that it had taken judicial notice of the Washington law.

(DO NOT PUBLISH)