Raymundo JUAREZ, Appellant,

v.

The STATE of Texas.

No. PD–0743–05.

Court of Criminal Appeals of Texas, En Banc.

March 22, 2006.

Rehearing Denied May 24, 2006.

M. "Mateo" Dekoatz, El Paso, for appellant.

Lily Stroud, Asst. Dist. Atty., El Paso, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HOLCOMB, and COCHRAN, JJ., joined.

A five-count indictment returned in 1999 charged appellant with indecency with a child pursuant to TEX. PENAL CODE § 21.11.[1] Appellant waived his right to a jury trial and plead guilty to four counts of indecency with a child. The trial court sentenced him to two years' confinement in the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ—CID).

As a sex offender, upon his release in 2000 appellant was required to register with the Department of Public Safety pursuant to TEX.CODE CRIM. PROC. art. 62.02,[2] and he did so. He was also required to

---

1. The record shows that appellant plead guilty to one count of indecency with a child denoted as a second-degree felony, and three counts of indecency with a child denoted as third-degree felonies. The Texas Department of Public Safety's Sex Offender Database indicates that appellant was convicted of indecency with a child by contact under TEX. PENAL CODE § 21.11(a)(1), which is a second-degree felony pursuant to TEX. PENAL CODE § 21.11(d).

2. Art. 62.02 Registration

(a) A person who has a reportable conviction ... shall register....
Art. 62.01 Definitions
* * *
(5) A reportable conviction ... means a conviction ..., regardless of the pendency of an appeal, that is: (A) a conviction ... for violation of Section 21.11 (Indecency with a child),....
As of September 1, 2005, Chapter 62 of the Texas Code of Criminal Procedure was recodified and the registration and verification

verify his initial registration and current address with his local law-enforcement agency, the El Paso Police Department, within seven days of his release. He failed to do so.

The grand jury indicted appellant for failing to register as a sex offender in violation of TEX.CODE CRIM. PROC. art. 62.10.[3] Appellant requested a jury trial, but filed a written election of sentencing by the trial court.

The state presented evidence at the guilt phase of trial that the conditions of appellant's release required him to verify his contact information with law-enforcement officials every ninety days for the rest of his life and that he failed to satisfy that obligation for approximately two years. The jury convicted appellant of failing to register as a sex offender, and the judge sentenced him to fifteen years' imprisonment in TDCJ–CID, a term allowable only under Article 62.10(b)(3).

Appellant appealed, asserting that the trial court erred in sentencing him within the range of a second-degree felony be-

cause the jury was not given the opportunity to decide whether the "enhancement" allegations contained in TEX.CODE CRIM. PROC. art. 62.10(b)(3) were true.

The court of appeals, relying on *Johnson v. State*[4] and *Apprendi v. New Jersey*,[5] found that the evidence was factually sufficient to support appellant's conviction. The court of appeals also concluded that charging appellant with a second-degree felony under Article 62.10(b)(3) did not violate *Apprendi* because Article 62.10(b) sets out independent chargeable offenses, not enhanced penalties, and appellant was punished within the appropriate statutory punishment range. We affirm the judgment of the court of appeals.

### Enhancement versus Element

Appellant asserts in his sole ground for review[6] that the court of appeals misapplied the United States Supreme Court's holding in *Apprendi* and that the jury never found, beyond a reasonable doubt, the facts that established that appellant's failure to register constituted a second-degree felony.[7]

requirements are now contained in Arts. 62.051–62.054.

3. Art. 62.10 Failure to Comply with Registration Requirements

(a) A person commits an offense if the person is required to register and fails to comply with any requirement of this chapter:

(b) An offense under this article is:

* * *

(3) a felony of the second degree if the actor is a person whose duty to register expires under Article 62.12(a) and who is required to verify registration once each 90–day period under 62.06.

Art. 62.12 Expiration of Duty to Register

(a) The duty to register for a person ends when the person dies if the person has a reportable conviction . . . for:

(1) a sexually violent offense; . . . .

Art. 62.01 Definitions

* * *

(6) "Sexually violent offense" means any of the following offenses committed by a person 17 years of age or older:

(A) an offense under Section 21.11(a)(1) (Indecency with a child), . . . .

Under the re-codification, general penalties for non-compliance, including the failure to register, are now contained in Art. 62.102.

4. 23 S.W.3d 1 (Tex.Crim.App.2000).

5. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

6. "Whether the court of appeals erred, under the landmark case of *Apprendi*, by determining that the trial court was cloaked with the authority to make a factual determination reference [*sic*] the sex offender registration statute, thereby allowing an enhanced punishment."

7. The indictment alleged only a reportable offense under TEX. PENAL CODE § 21.11(a). The much preferred procedure is to plead the specific subsection in the indictment, especially when, as here, the status of the reporta-

Under appellant's interpretation of TEX. CODE CRIM. PROC. art. 62.10, the court of appeals's decision is contra to the holding in *Apprendi* because the jury never found, beyond a reasonable doubt, the facts that establish that appellant's failure to register is a second-degree felony. In particular, appellant suggests that subsections (a) and (b)(1) of Article 62.10 define the elements of the failure to register offense and make a state-jail felony the baseline punishment, while subsections (b)(2) and (b)(3) serve as enhancement elements that must be submitted to the jury and proven beyond a reasonable doubt.

◼ Generally, courts interpret a statute according to its plain language. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). In Texas, an element of an offense is defined as the "forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense." TEX. PENAL CODE § 1.07(a)(22). The elements of an offense must be charged in the indictment, submitted to a jury, and proven by the state beyond a reasonable doubt. *Jones v. United States,* 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)(citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)).

The plain language of TEX.CODE CRIM. PROC. art. 62.10(a) defines the basic elements of the felony, while subsection (b) sets forth the elements that determine the degree of felony. Specifically, Article 62.10(a) provides that a person commits an offense if that person is required to register and fails to comply with any other requirement of Chapter 62. Article

62.10(b) sets out other elements, and its language indicates that the legislature based its choice of penalty range on the nature of the underlying "reportable conviction": the more serious the original sexual offense, the more serious the penalty for failure to register.

Which subsection of Article 62.10(b) applies to a given defendant depends on the nature of the underlying "reportable conviction." TEX.CODE CRIM. PROC. art. 62.12(a) enumerates reportable convictions that require an offender to register for life, while Article 62.12(b) governs offenders who must report for ten years from a given date. TEX.CODE CRIM. PROC. art. 62.06 governs how frequently an offender who is subject to lifetime registration must report. Article 62.10(b)(1) applies to a person who must register for only ten years from a given event, subsection (b)(2) applies to a person who must register for life, but must verify registration only once each year, and subsection (b)(3) applies to a person who must register for life, but must verify registration at least once every 90 days.[8]

◼ The duty to verify is based neither on the number of prior convictions, as in TEX. PENAL CODE § 12.42 (Penalties for Repeat and Habitual Felony Offenders), nor on the amount of some item, as in the statutes that govern theft and possession of controlled substances. Rather, the statute concerning failure to register is similar to the burglary statute, TEX. PENAL CODE § 30.02, which sets out the basic elements of burglary, e.g., entry without consent, and then sets out, in separate subsections, additional elements of burglary that deter-

---

ble offense as one that may fall under the 90–day reporting requirement is less than clear unless the subsection is plead. The pleading of the subsection would then carry over into the jury charge and verdict forms, and there could be no dispute as to whether the jury had made all required findings.

8. Because appellant's most serious reportable conviction is pursuant to TEX. PENAL CODE § 21.11(a)(1), TEX.CODE CRIM. PROC. art. 62.12(a) requires him to register for life.

mine what degree of felony shall be charged, e.g., the entry was into a habitation. We hold that the subsections of TEX.CODE CRIM. PROC. art. 62.10(b) describe separate offenses and are not enhancement provisions.

### The *Apprendi* Claim

In *Apprendi,* the United States Supreme Court examined the validity of a hate-crime statute that allowed for an increased sentence if the trial judge determined, by a preponderance of the evidence, that the defendant committed the crime with the intent to intimidate a person or group of persons because of their race, color, gender, handicap, religion, sexual orientation, or ethnicity.[9] *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The Court determined that the statute was unconstitutional and held that, *other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 491, 120 S.Ct. 2348.

In the instant case, both the state and appellant's counsel concede that appellant has a reportable conviction for indecency with a child under TEX. PENAL CODE § 21.11(a) and that appellant was required to register as a sex offender pursuant to TEX.CODE CRIM. PROC. art. 62.02(a). The state presented evidence at the guilt phase, both through live testimony from TDCJ officials and by the contents of State's Exhibit 3 and Defense Exhibit 2,[10] that as part of his registration obligations, appellant was required to verify his whereabouts within seven days after his release from prison and continue to update this information with local law-enforcement officials every ninety days for the rest of his life.[11]

Once the state has proved beyond a reasonable doubt at the guilt phase that a defendant had a reportable conviction and that, as a result of that conviction, he must verify his registration every 90 days for the remainder of his life, the elements that make the failure to register a second-degree felony are satisfied. The jury in this case so found.[12] The trial court was there-

9. *Apprendi* addressed increased punishment assessed by a trial court after Apprendi plead guilty to the trial court pursuant to a plea agreement.

10. The jury heard, during the guilt phase, all of the evidence that was used by the state to prove that the offense was a second-degree felony and is described by appellant in his brief to this Court as proof of enhancement allegations.

11. There appears to be a discrepancy between the evidence and the trial court's judgment and sentence. At the time appellant committed the reportable offense, the pertinent portions of Article 62.06(a) were newly amended, with two versions having been enacted by the legislature during the 1999 session. The words changed, but the essence did not; both versions indicate that persons who have two prior proven allegations of a sexually violent offense must report at least every 90 days. In both versions, a person who has fewer than two prior proven allegations of a sexually

violent offense must report at least once a year. The appellate record contains State's Exhibit 1, which comprises copies of four judgments on pleas of guilty to the court. The single indictment that gave rise to the judgments contained four counts. Count one alleged indecency with a child, a second-degree felony. This offense is commonly known as indecency by contact, and is defined in Article 62.01(6)(A) as a sexually violent offense. Counts two, three, and four alleged indecency with a child, a third-degree felony. This offense is commonly known as indecency by exposure and is not included within the definition of a sexually violent offense. It therefore appears from the record that appellant "has for a sexually violent offense been convicted" only one time and must report once a year, not every 90 days. The record does not reveal whether appellant has additional reportable convictions.

12. The specific subsection of Article 62.10(b) that makes failure to register punishable as a

by authorized, without any further fact-finding,[13] to assess a sentence within the range of a second-degree felony. TEX. PENAL CODE § 12.33(a). Appellant was sentenced to fifteen years' imprisonment, a term well within the statutory punishment range for a second-degree felony, thus the principles set out in *Apprendi* were not violated.

We affirm the judgment of the court of appeals.

KELLER, P.J., and HERVEY, J., concurred in the result.

second-degree felony requires a showing that the offense falls under the provisions of TEX. CODE CRIM. PROC. art. 62.12(a). In this case, the relevant subsection of Article 62.12(a) applies if the reportable offense is sexually violent. The jury had before it State's Exhibit 1: four judgments from a single indictment—three judgments for indecency with a child (a third-degree felony) and one judgment for indecency with a child (a second-degree felony and a sexually violent offense). A rational jury could not have found appellant guilty as alleged in the indictment without finding that at least one of those judgments was sufficient-ly connected to appellant so as to support a finding that he had a reportable conviction. There is no indication in the record that, in finding that appellant had a reportable conviction, the jury found that appellant had been convicted of one or more of the third-degree felony counts, but not of the second-degree count within the same indictment.

13. Even if, *arguendo*, the trial court had made an additional finding of fact, it would have been allowed under *Apprendi* because it would have been *the fact of a prior conviction.* *See Apprendi* at 491, 120 S.Ct. 2348.