Opinion issued November
18, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00379-CR

———————————

Dominique Pierre Leonard, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1136957

 



 

MEMORANDUM OPINION

     A
jury convicted appellant, Dominique Pierre Leonard, of robbery.[1]  After appellant pleaded true to the allegations
in an enhancement paragraph, the jury assessed punishment at confinement for
life and a $10,000 fine.  In two issues,
appellant contends that the State failed to present legally and factually
sufficient evidence to support the jury’s verdict.

     We affirm.

Background

During the summer of 2007, the Houston Police Department (“HPD”),
the FBI, and the Sugar Land Police Department cooperated in investigating a
string of grocery store bank robberies with similar factual circumstances
occurring in the Houston and Sugar Land areas.  Between late August and mid-September of 2007,
a man matching appellant’s description approached three separate grocery store
bank counters, asked for ones in exchange for a large bill or bills, and then
passed the teller a handwritten business card that demanded that the teller empty
the cash drawer and give him all of the “100s, 50s, and 20s.”

On the morning of August 23, 2007,
the complainant in this case, Angele Ricard, was working as a bank teller for the Wells Fargo bank
inside the Randall’s grocery store at 11041 Westheimer in Houston.  Between nine and ten o’clock in the morning,
appellant, who was holding a blue bank bag, entered the store and approached the
bank counter.  He first asked the
complainant for fifty one dollar bills in exchange for his fifty dollar bill.  After the complainant complied, appellant pulled
out a business card with the hand-written words “empty the cash drawer” and
held it so that the complainant could read it.  He asked the complainant to give him all of
the hundred, fifty, and twenty dollar bills, and she did so.  Appellant matched the physical description given
to police by the tellers in two other Houston area grocery-store bank robberies
which occurred around the same time.  Appellant
used the same method of obtaining the money and displayed the same calm manner
in each of the three robberies.

After police published a surveillance photo from one of the
incidents, they received a Crime Stoppers tip from appellant’s cousin
identifying appellant as a suspect.  On
September 18, 2007, police arrested appellant during a traffic stop and
discovered that he was driving with a suspended license.  During the inventory search of the vehicle, police
found two bank bags containing $3,022 in cash in the glove compartment.

The complainant and the two other bank tellers all identified
appellant as the perpetrator in photograph lineups.  On October 12, 2007, HPD Sergeant D. Ryza
obtained an arrest warrant in Harris County for appellant on robbery charges
based on the events of August 23, 2007.

The State indicted appellant for robbery.  The indictment alleged that appellant, “while
in the course of committing theft . . . and with intent to obtain and maintain
control of the property, intentionally and knowingly threatened and placed the
Complainant in fear of imminent bodily injury and death, by HOLDING A BAG
COMPLAINANT BELIEVED HAD A WEAPON IN THE BAG AND DEMANDING CASH.”

At trial, witnesses from all three incidents positively
identified appellant in person.  The
complainant testified that she was “in shock” during the incident, that she was
afraid, and that she “didn’t know if [appellant] had a gun or not.”  The State asked the complainant, “As far as
you know . . . in that bag there could have been a gun?”  She answered, “Yeah.”  She also testified that she was so afraid
that she forgot all of her training for what to do during robberies and that
she was unable to return to work for a week after the incident. 

HPD Officer D. Taylor, who was the
first officer to respond to the scene, testified that the complainant was still
shaking when he arrived minutes after the incident.  Sergeant Ryza, who interviewed the complainant at the scene, also
testified that she was still upset when he arrived between thirty and
forty-five minutes after the incident. 
He further testified that the complainant told him that there was or might possibly be a weapon
in the bag appellant was holding and that she had been too afraid to
place a tracking device in the bank bag with the cash.  




 

Sufficiency of the Evidence

In two issues, appellant contends
that the State failed to present legally and factually sufficient evidence to
support the conviction.[2]

A. Standard of Review

We review the legal sufficiency of
the evidence by viewing the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000).  The fact finder is the sole
judge of the weight and credibility of the evidence.  Brown
v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).  Although our analysis considers all of the evidence
presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder.  King, 29 S.W.3d at 562.  We presume that the fact finder resolved all
conflicts in the evidence in favor of the verdict and we defer to that
resolution.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

B. Legal Sufficiency

In his first issue, appellant
asserts that the State failed to present legally sufficient evidence to support
his conviction for robbery because the State did not establish that the complainant
believed that the bank bag contained a weapon, as alleged in the indictment.  A person commits the offense of theft if he
unlawfully appropriates property with the intent to deprive the owner of
property.  Tex. Penal Code Ann. § 31.03 (Vernon 2003).  A person commits the offense of robbery if, in
the course of committing theft and with intent to obtain or maintain control of
the property, he: (1) intentionally, knowingly, or recklessly causes bodily
injury to another; or (2) intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.  Id. § 29.02 (Vernon 2003). 
The State must show every
essential element of the offense listed in the indictment beyond a reasonable
doubt.  Juarez v. State, 198 S.W.3d 790, 793 (Tex. Crim. App. 2006).

Appellant does not dispute that the
State proved the theft element of robbery; rather, he asserts that the State
did not prove beyond a reasonable doubt that the complainant was threatened or placed
in fear of imminent bodily injury.  Appellant
contends that the complainant never testified that she believed appellant had a
weapon.  “Proving robbery by showing the
defendant placed another in fear does not require an actual threat.”  Burton
v. State, 230 S.W.3d 846, 852 (Tex. App.—Houston [14th Dist.] 2007, no
pet.); see also Williams v. State,
827 S.W.2d 614, 616 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d) (noting
that factfinder can determine that complainant perceived fear when accused made
no actual threats).  We look to the circumstances
surrounding the robbery to determine if appellant’s conduct reasonably placed
the complainant in fear of imminent bodily injury.  Burton,
230 S.W.3d at 853; see also Welch v.
State, 880 S.W.2d 225, 226–27 (Tex. App.—Austin 1994, no pet.) (finding
evidence sufficient to support robbery conviction when appellant disguised his
clothing, gave bank teller a robbery demand note, and reached to his pocket to
pull out what teller initially thought was gun but turned out to be paper bag
for holding money).  A demand note is a
sufficient threat, and politeness does not mitigate a threat.  See,
e.g., Burton, 230 S.W.3d at 853
(citing Welch, 880 S.W.2d at 226–27).  The fact finder may conclude that an
individual perceived fear or was placed in fear in circumstances where no
actual threats were conveyed by the accused. 
Id. at 852.

Here, appellant demanded money from
the complainant and she complied.  The
complainant testified that she was afraid during the incident, that she was
“scared for [her] life,” and that she was too afraid to return to work for a
week after the incident.  She also
testified that she was not sure whether appellant actually had a weapon in the bank
bag he was carrying because she was “in shock,” although she stated that there
could have been a weapon in the bag.  Officer
Taylor testified that the complainant was still shaking when he arrived at the
scene minutes after the incident.  Sergeant
Ryza likewise testified that the complainant was too afraid to put a tracking
device in the bank bag as she had been trained to do and that she was still
upset when he interviewed her thirty to forty-five minutes after the incident.  A rational trier of fact could have determined
that appellant’s conduct reasonably placed the complainant in fear of imminent
bodily injury.  See Burton, 230 S.W.3d at 853.

Thus, we conclude that the State
presented legally sufficient evidence to establish that appellant committed
theft with the intent to obtain or maintain control of the property and that he
intentionally or knowingly threatened or placed the complainant in fear of imminent
bodily injury or death.  See Tex.
Penal Code Ann. § 29.02; see also Juarez, 198 S.W.3d at 793 (holding that
must show every essential element of
offense listed in indictment beyond reasonable doubt); King, 29 S.W.3d at 562 (holding that evidence is legally sufficient
when evidence, view in light most favorable to the verdict, would allow rational
trier of fact to find essential elements of crime beyond reasonable doubt).

The State contends that we
should construe appellant’s first issue as an argument that the evidence
against him is legally insufficient based upon a variance between the
indictment and the proof offered at trial. 
“A ‘variance’ occurs when there is a discrepancy between the allegations
of the charging instrument and the proof at trial.”  Gollihar
v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  “In a variance situation, the State has
proven the defendant guilty of a crime, but has proven its commission in a
manner that varies from the allegations in the charging instrument.”  Id.  Only material variances require reversal
because only a material variance prejudices a defendant’s substantial
rights.  Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002).  We decide if the variance is material by
determining “whether the indictment, as written, informed the defendant of the
charge against him sufficiently to allow him to prepare an adequate defense at
trial, and whether prosecution under the deficiently drafted indictment would
subject the defendant to the risk of being prosecuted later for the same crime.”  Gollihar,
46 S.W.3d at 257.

Appellant does not argue
that the indictment was inadequate to inform him of the charge against him sufficiently
to allow him to prepare an adequate defense, nor does he argue that prosecution
under the allegedly deficiently drafted indictment would subject him to the
risk of being prosecuted later for the same crime.  Thus, we hold that appellant has failed to
show a fatal variance between the indictment and the proof at trial.

We overrule appellant’s first issue.




 

Conclusion

     We affirm the judgment of the
trial court.

 

 

                                                              Evelyn
V. Keyes

                                                              Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.  Tex. R. App. P. 47.2(b).











[1]           Tex.
Penal Code Ann. §
29.02 (Vernon 2003).





[2]           In Brooks
v. State, the Court of Criminal Appeals overruled Clewis v. State and held that claims of factual insufficiency
should now be analyzed under the Jackson
v. Virginia standard used for legal sufficiency review.  Brooks,
____ S.W.3d ____, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6, 2010) (“[W]e
decide that the Jackson v. Virginia
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt.”).  Because appellant makes the exact same
arguments for why the evidence is both legally and factually insufficient, we
solely address appellant’s legal sufficiency contention.