# PD-0830&0831-15

PD-0830&0831-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/2/2015 4:32:41 PM
Accepted 7/2/2015 4:58:44 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**Kendell NAJEE SIMINGTON**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause Nos. 1327054D & 1327055D from the 396th
Criminal Court of Tarrant County, Texas,
and Cause Nos. 02-14-00187-CR & 02-14-00188-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Kendell Najee Simington

FILED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Honorable Elizabeth Beach, Criminal District Court One, Tarrant County |
| Petitioner: | Kendell Najee Simington |
| Petitioner's Trial Counsel: | Robin McCarty<br>TBN: 24034561<br>Attorney and Counselor at Law<br>3322-B E. Belknap<br>Fort Worth, Texas 76107 |
| Petitioner's Counsel on Appeal: | Kimberley Campbell<br>TBN: 03712020<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Tamla Ray<br>TBN: 24046687<br>Michelle Dobson<br>TBN: 24049075<br>District Attorney's Office<br>401 West Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel on Appeal: | James Gibson<br>TBN: 00787553<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas 76196 |

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    The Court of Appeals erred when found the evidence
      sufficient to prove beyond a reasonable doubt that Petitioner
      was guilty of possession with intent to distribute cocaine. . . . .4

      A.    *Facts.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    *Opinion Below.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      C.    *Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      D.    *Controlling Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

      E.    *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

II.   The Court of Appeals erred when found the evidence
      sufficient to prove beyond a reasonable doubt that Petitioner
      was guilty of possession of a firearm by a felon. . . . . . . . . . . 12

A.    *Standard of Review*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.    *Controlling Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

C.    *Application*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . .17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

# INDEX OF AUTHORITIES

*Cases*                                                                                    *page*

*Brown v. State*,
       911 S.W.2d 744 (Tex. Crim. App. 1995). . . . . . . . . . . . . . . . .8, 12

*Evans v. State,*
       202 S.W.3d 158 (Tex. Crim. App. 2006). . . . . . . . . . . . . .6, 8, 9, 10

*Jackson v. Virginia,*
       443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . 7, 12, 13, 16

*Juarez v. State*,
       198 S.W.3d 790 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . .7

*Olivarez v. State,*
       171 S.W.3d 283 (Tex. App.–
          Houston [14th Dist.] 2005, no pet.). . . . . . . . . . . . . .8, 9, 10

*Poindexter v. State*,
       153 S.W.3d 402 (Tex. Crim. App. 2005). . . . . . . . . . . . . . .8, 12, 14

*Wise v. State*,
       364 S.W.3d 900 (Tex. Crim. App. 2012). . . . . . . . . . . . . . .7, 13, 16

*Wright v. State*,
       603 S.W.2d 838 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . . . .8

*Simington v. State*,
       02-14-00187-CR, 02-14-00188-CR, 2015 WL 3917829
          (Tex. App.–Fort Worth, June 25, 2015, no. pet. h.)
             (mem. op., not designated for publication). . . . 2, 6

*Smith v. State*,
       176 S.W.3d 907 (Tex. App.–Dallas 2005, pet. ref'd). . . . . . . . . .14

*Statutes*

TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010). . . . . . . 8

TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). . . . . . . . 1

TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). . . . . . 1, 7

TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2011). . . . . . . . . . . . . . . . 13

TEX. PENAL CODE ANN. § 46.04(a) (West 2011). . . . . . . . . . . . . . . . . . 1

TEX. PENAL CODE ANN. § 46.04 (West 2011). . . . . . . . . . . . . . . . . . . . .13

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

Petitioner Kendell Najee Simington ("Mr. Simington" or "Petitioner") was charged by two-count indictment with possession of a controlled substance (cocaine) between four and 200 grams with intent to distribute, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010), and possession of a controlled substance (cocaine) between four and 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). The indictment included a deadly weapon allegation and a repeat offender notice. (054 C.R. 6).[1] Mr. Simington was also charged by separate indictment with unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011).

On April 29, 30 and May 1, 2014, a jury trial was held in Criminal District Court Number One of Tarrant County, the Honorable Elizabeth

---

[1]

References to the Clerk's Record in Cause Number 1327054D will be designated as "054 C.R. xx" and references to the Clerk's Record in Cause Number 1327055D will be designated as "055 C.R. xx".

1

Beach presiding. (R.R. II, III, IV, V, & VI: *passim*). The jury found Mr. Simington guilty as charged of possession with intent to distribute cocaine between four and 200 grams, and guilty as charged of unlawful possession of a firearm by a felon. (054 C.R. 71; 055 C.R. 68; V R.R. 6-7). The jury found that Mr. Simington did not use or display a deadly weapon. (054 C.R. 74; V R.R. 6-7). Punishment was to the jury, which found the repeat offender paragraph to be true based on Mr. Simington's plea of true, and sentenced Mr. Simington to thirty (30) years incarceration on the possession with intent to distribute case and ten (10) years incarceration on the unlawful possession of a firearm by a felon case. (054 C.R. 90; 055 C.R. 81; V R.R. 51). A timely Notice of Appeal was filed on May 1, 2014. (054 C.R. 99; 055 C.R. 90).

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Second Court of Appeals affirming Mr. Simington's convictions was handed down on June 25, 2015. *See Simington v. State*, 02-14-00187-CR, 02-14-00188-CR, 2015 WL 3917829 (Tex. App.–Fort Worth, June 25, 2015, no. pet. h.) (mem. op., not designated for publication).

## GROUNDS FOR REVIEW

### GROUND FOR REVIEW ONE

I.   **The Court of Appeals erred when found the evidence sufficient to prove beyond a reasonable doubt that Petitioner was guilty of possession with intent to distribute cocaine.**

### GROUND FOR REVIEW TWO

II.  **The Court of Appeals erred when found the evidence sufficient to prove beyond a reasonable doubt that Petitioner was guilty of possession of a firearm by a felon.**

### REASONS FOR REVIEW

1.   The decision by the Second Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2.   The Second Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

3

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I.   **The Court of Appeals erred when found the evidence sufficient to prove beyond a reasonable doubt that Mr. Simington was guilty of possession with intent to distribute cocaine.**

   A.   *Facts*

   In May of 20013, Travis Varrett ("Varrett"), a narcotics officer with the Fort Worth Police Department, received information from a confidential informant that narcotics were being distributed from an apartment at 6043 Stoneybrook, in Tarrant County. (IV R.R. 36). Based on that information, Varrett and his partner, Officer Bruce Anderson ("Anderson"), conducted surveillance on multiple occasions at the location and discovered that the activities and traffic taking place at the location were consistent with illegal narcotics trafficking. (IV R.R. 36). The officers then conducted at least two controlled buys of narcotics from the apartment, whereby confidential informants would make purchases from the location under the direction, observation and control of officers Varrett and Anderson. (IV R.R. 41-43).

   Based on the information obtained from their surveillance, confidential informants, and controlled buys, Varrett and Anderson

4

were able to obtain a search warrant for the apartment located at 6043 Stoneybrook. (IV R.R. 43-44; VI R.R. St. Ex. 39).

The search warrant was executed at the apartment located at 6043 Stoneybrook on May 16, 2013. (IV R.R. 46). Varrett and Anderson conducted the search of the premises pursuant to the search warrant, and recovered cocaine packaged for resale, plastic baggies of the type used in narcotics trafficking, scales with cocaine residue of the type used for weighing narcotics for distribution, drug trafficking records, loose currency, cellular telephones, and a pistol. (IV R.R. 50, 51, 55, 58, 59-60, 64). Petitioner, as well as a female named Delisha Bennett, were present at the scene of the search and were taken into custody. (IV R.R. 49). The loose currency, packaged drugs, cellular telephones, drug records, one scale and the pistol were located on the floor between a couch (where Delisha Bennett was seated) and a recliner (where Petitioner was seated). (IV R.R. 99-101, 105-106). A search of Petitioner revealed that he had approximately $600 in his pants pocket in small denominations. (IV R.R. 52, 53).

At trial, Varrett admitted that none of the controlled drug buys had been from Petitioner, and that Petitioner had not been named or

described by his confidential informants as a person selling narcotics. (IV R.R. 71-73, 75). In fact, prior to the execution of the search warrant, Mr. Simington had not come to the attention of the police in regards to the apartment or narcotics trafficking. (IV R.R. 75, 79, 95-96).

Mr. Simington's fingerprints were not discovered on any of the items seized by the police, nor were his fingerprints located on any items in the apartment. (IV R.R. 88-91, 115). Though the apartment had various personal items in one of the rooms and in some of the cabinets, there was no evidence presented at trial that any of these items could be connected to Petitioner in any way.

B.    *Opinion Below*

The Second Court of Appeals began its analysis by identifying the proper test of factors to be used when assessing whether the state has sufficiently linked an accused to the contraband. *Simington*, 2015 WL 3917829 at 2-3 (citing *Evans v. State,* 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). However, the court then proceeded to apply that test incorrectly by finding the evidence sufficient to show beyond a reasonable doubt to convict Mr. Simington of both offenses. *Simington*, 2015 WL 3917829 at *3.

6

**C.** *Standard of Review*

In a due-process review of the sufficiency of the evidence to support a conviction, an appellate court must review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

**D.** *Controlling Law*

The State is required to prove every element of the offense set forth in the indictment beyond a reasonable doubt. *See Juarez v. State*, 198 S.W.3d 790, 793 (Tex. Crim. App. 2006) (stating that elements of offense must be charged in indictment, submitted to jury, and proven by State beyond reasonable doubt). A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses it. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). Under this indictment, the State had to prove beyond a reasonable doubt that the accused (i) intentionally or knowingly (ii) possessed, i.e., exercised actual care, custody, control, and management over cocaine (iii) in an amount of more than four grams but less than 200 grams on or about

7

the date set forth in the indictment. *See Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The State alone has the burden of proving beyond a reasonable doubt every essential element of the offense charged. *Wright v. State*, 603 S.W.2d 838, 840 (Tex. Crim. App. 1980).

A person possesses an object if he has actual care, custody, control, or management of that object. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010). When drugs are found and the accused is not in exclusive possession of the place where they are found, the connection to the drugs must be more than fortuitous, and to this end, Texas courts utilize a links rule that is designed to protect innocent bystanders from conviction merely because of their proximity to someone else's drugs. *Evans,* 202 S.W.3d at 161–62; *Olivarez v. State,* 171 S.W.3d 283, 291 (Tex. App.–Houston [14th Dist.] 2005, no pet.). Mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control, but presence or proximity, when combined with other evidence, direct or circumstantial, may be sufficient. *Evans,* 202 S.W.3d at 161–62. Such "links" generate a reasonable inference that the accused knew of the contraband's

existence and exercised control over it. *See Evans,* 202 S.W.3d at 161–62.

Courts have identified the following non-exclusive factors that may help to show an accused's links to a controlled substance: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Olivarez,* 171 S.W.3d at 291. It is not the number of links that is dispositive but, rather, the logical force of all of the evidence, direct and circumstantial. *Evans,* 202 S.W.3d at 162.

**E.** *Application*

A review of the factors set forth above shows that Petitioner was present at the apartment when the search was conducted; though the evidence showed that the cocaine was closer to Delisha Bennett than to Petitioner; the contraband was in plain view and nearby; there was no evidence that Petitioner was under the influence of narcotics at the time of the search; Petitioner had no contraband on his person; Petitioner made no incriminating statements, nor did he try to flee or make any furtive gestures; there was no evidence that an odor of contraband was present in the apartment; other drug paraphernalia was present; Petitioner did own or have any right to possession of the premises; the place where the drugs were found was enclosed; and, though Petitioner did have $600 in cash on his person, his conduct most assuredly did not indicate a consciousness of guilt.[2] *Olivarez*, 171 S.W.3d at 291. Moreover, these factors are not exclusive, and other pertinent facts tend to disprove any allegation that Petitioner is

---

[2] Of critical note, Delisha Bennett had $474 in small denomination currency spread out on the floor in front of her when the search warrant was executed. (IV R.R. 54-55, 87, 92, 95; VI R.R. 9, 15, 17). Under the State's theory of the case, and with no more evidence than that presented against Mr. Simington, it is just as likely that she was the person selling cocaine from 6043 Stoneybrook.

10

somehow connected to the cocaine discovered at the apartment. First, Varrett admitted that none of the controlled drug buys had been from Petitioner, and that Petitioner had not been named or described by his confidential informants as a person selling narcotics. (IV R.R. 71-73, 75). Second, prior to the execution of the search warrant, the apartment had been under periodic surveillance on numerous occasions; Varrett admitted that Petitioner had not been previously observed or otherwise come to the attention of the police in regards to the apartment or narcotics trafficking. (IV R.R. 75, 79, 95-96).

Third, Petitioner's fingerprints were not discovered on any of the items seized by the police, nor were his fingerprints located on any items in the apartment. (IV R.R. 88-91, 115). Finally, though the apartment had various personal items in one of the rooms and in some of the cabinets, there was no evidence presented at trial that any of these items could be connected to Petitioner in any way. Rather, but for Mr. Simington's misfortune to have been a bystander in the wrong place at the wrong time with $600 in his pocket, this Brief would have in all likelihood been unnecessary.

The evidence presented by the state showed that someone was most likely distributing cocaine from 6043 Stoneybrook. However, the

11

state's evidence failed to meet the burden of proving beyond a reasonable doubt that Petitioner had exercised actual care, custody, control, or management of that cocaine. *See Poindexter*, 153 S.W.3d at 405-06; *Brown*, 911 S.W.2d at 747. Because of that failure of evidence, no rational juror should have been able to find every essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789; *Wise,* 364 S.W.3d at 903.

Under Texas law, this Court stands as the shield against unfair and overreaching conduct on the part of the government, with the capability to correct unjust convictions and see that justice is done. Pursuant to that vital role, this Court should vacate the judgment entered below and render a verdict of acquittal on the possession with intent to distribute cocaine charge. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789; *Wise,* 364 S.W.3d at 903.

## GROUND FOR REVIEW TWO (RESTATED)

II.  **The Court of Appeals erred when found the evidence sufficient to prove beyond a reasonable doubt that Petitioner was guilty of possession of a firearm by a felon.**

A.  *Standard of Review*

In a due-process review of the sufficiency of the evidence to

12

support a conviction, an appellate court must review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789; *Wise,* 364 S.W.3d at 903.

### B. *Controlling Law*

Section 46.04 of the Texas Penal Code provides that a person who has been convicted of a felony commits an offense if he possesses a firearm after the conviction and before the fifth anniversary of the person's release from confinement. TEX. PENAL CODE ANN. § 46.04 (West 2011). Petitioner stipulated to the fact that he had previously been convicted of a felony within the past five years. (VI R.R. St. Ex. 38). As with the possession of cocaine, the state failed to show that Petitioner possessed the handgun discovered at the Stoneybrook apartment.

Possession is defined by the penal code as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2011). When there is no evidence that the defendant was in exclusive control of the place where the firearm was found, the state must offer additional, independent facts and circumstances that link him to the

firearm. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.–Dallas 2005, pet. ref'd). The links between an accused and the firearm may be established by either direct or circumstantial evidence. *See Poindexter*, 153 S.W.3d at 406. In determining whether sufficient links exist, this Court should examine the same factors looked to in connection with Petitioner's first issue, such as whether the firearm was in plain view, whether Petitioner owned the premises where the firearm was found, whether he was in close proximity to the firearm and had ready access to it or whether it was found on him, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, whether the firearm was found in an enclosed space, and whether he made incriminating statements. *Smith*, 176 S.W.3d at 916. It is the logical force of the factors, not the number of factors present, that determines whether the elements of the offense have been established. *Smith*, 176 S.W.3d at 916.

### C. *Application*

Here, Officer Jones testified that upon entry to the front room of the apartment, he observed Petitioner sitting in the recliner and Delisha Bennet sitting on the couch. (IV R.R. 19). The evidence in the form of an actual photograph of where the gun was located shows that it was in

plain view, though clearly closer to where Delisha Bennett was sitting on the couch than to where Petitioner was sitting in the recliner.[3] (VI R.R. St. Ex. 9). As stated previously, the evidence showed that Petitioner did not own or rent the apartment. Additionally, the gun was not discovered on his person, nor did he attempt to flee, make any furtive gestures, or indicate a consciousness of guilt by his conduct. Finally, there was no evidence showing that Petitioner had any connection to the gun, much less a special one, and he did not make any incriminating statements. Critically, Petitioner's fingerprints were not on the gun, and the evidence shows that he was not wearing gloves at the time of the arrest. (VI R.R. St. Exs. 5, 7).

As with the analysis of Petitioner's first issue, it's clear here that the State's evidence showed little more than the fact that Petitioner might have been in the vicinity of a firearm on the date in question. However, when fitted to the beyond a reasonable doubt constitutional burden which protects all defendants, even when viewed in the light most favorable to the verdict, no rational juror could have found that Petitioner exercised care, custody and control over the firearm. *Jackson*

---

[3] Officer Jones admitted that his testimony that the gun could have been in Simington's lap was pure speculation. (IV R.R. 30).

*v. Virginia*, 443 U.S. at 319, 99 S. Ct. at 2789; *Wise,* 364 S.W.3d at 903. This Court should therefore vacate the judgment and sentence entered below and render a verdict of acquittal on the possession of a firearm charge. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789; *Wise,* 364 S.W.3d at 903.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals and render a verdict of acquittal.

Respectfully submitted,

/s/Kimberley Campbell
Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Kendell Najee Simington

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 3,911.

/s/Kimberley Campbell
Kimberley Campbell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 2nd day of July , 2015.

/s/Kimberley Campbell
Kimberley Campbell

# **APPENDIX**

1.      Opinion of the Second Court of Appeals.



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00187-CR
## NO. 02-14-00188-CR

KENDELL NAJEE SIMINGTON                                    APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NOS. 1327054D, 1327055D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury convicted Appellant Kendell Najee Simington of (i) possession with intent to deliver between 4 and 200 grams of cocaine and (ii) unlawful possession of a firearm by a felon, and it assessed his punishment at 30 years' confinement on the delivery charge and 10 years' confinement on the firearm

---

[1]*See* Tex. R. App. P. 47.4.

charge. In two points, Simington argues that the evidence is insufficient to support his conviction for both offenses. We will affirm.

## II. BACKGROUND

In May 2013, narcotics officers received information about possible drug activity at an apartment in Fort Worth. They began conducting surveillance on the apartment and discovered information that led them to believe that it was operating as a trap house. According to the officers, trap houses are generally used for the sole purpose of selling illegal drugs, and it is common for these places to lack any sign of actual habitation. While observing the apartment, officers frequently saw visitors arrive and go inside for "three or four minutes" and then leave. Believing that drugs were being sold out of the apartment, officers enlisted the help of a confidential informant to conduct two controlled buys at the apartment. On both occasions, the informant—who had been searched before going in—returned with narcotics. The informant also reported that there was a firearm inside the apartment and that the door was barricaded by two pieces of wood to prevent unaided entry.

Armed with this information, police obtained a "high risk" search warrant for the apartment and had it carried out by the SWAT team. The SWAT team took down the door with a battering ram and threw in a "flash bang" device to disorient anyone inside. The officers then entered the apartment and discovered two individuals—Simington and Delisha Bennett. Between them was a ceramic plate with several baggies of what was later determined to be cocaine. Also in the

2

room were strips of paper with a phone number, at least two digital scales, and $474 in mostly one- and five-dollar bills. There was a gun on the floor in front of Simington and $600 in small denominations inside his pocket.

### III. EVIDENTIARY SUFFICIENCY—POSSESSION

Simington argues in his first and second points that the evidence is insufficient to link him to the narcotics and to the gun that were found inside of the apartment.

#### A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

#### B. Possession with Intent to Deliver

To support Simington's conviction, the State had to prove that he knowingly or intentionally possessed between 4 and 200 grams of cocaine. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), (d), 481.115(d) (West 2010). "Possession" means that the accused exercised "actual care, custody, control, or

3

management" over the substance. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014); *see Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). While mere presence alone is not sufficient to establish possession, it may become sufficient to establish guilt beyond a reasonable doubt "when combined with other evidence, either direct or circumstantial." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Independent facts and circumstances may link the accused to the contraband such that it may be justifiably concluded that the accused knowingly possessed the contraband. *Id.* at 161–62.

Relevant links connecting the defendant to possession of an illegal substance include: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view, (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness

of guilt. *Id.* at 162 n.12; *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.— Houston [14th Dist.] 2005, no pet.). These factors are non-exclusive, and it is not the number of links but the "logical force" of all the evidence that supports a finding of guilt. *Olivarez*, 171 S.W.3d at 291–92.

Here, numerous links connect Simington to the possession of the cocaine seized by police officers. First, Simington was present during the search and was in close proximity to the drugs, which were discovered in plain view. Second, with trap houses, it is common for more than one dealer to sell drugs out of the same location, and the record demonstrates that officers were unable to connect the apartment to a particular name. Furthermore, it was clear that no one lived in the apartment because there was a lack of furniture, food, and clothes; while there was a TV, a couch, and a chair, narcotics officers stated that this was not uncommon for trap houses. Simington argues that he cannot be connected to the apartment because he did not sell the drugs to the informant during the controlled buys and because his existence had not come to the attention of the narcotics officers until after the execution of the search warrant, but these facts are significantly outweighed by the logical force of the evidence linking Simington to the narcotics.

Simington argues that he was merely a misfortunate "bystander in the wrong place at the wrong time with $600 dollars in his pocket." However, while having large sums of cash on one's person may not be dispositive, the record shows that when large amounts of money are made up of small denominations,

5

officers will generally equate it to narcotics sales. Moreover, an officer at the scene testified that Simington was likely not at the apartment to purchase narcotics because the door was barricaded from the inside. According to the officer, usually when someone was inside the apartment buying drugs, the barricade came down.

Simington also argues that he cannot be linked to any items inside of the apartment because police were unable to recover his fingerprints on any of the seized items, but this is not dispositive in our sufficiency review. As the record shows, things like the little baggies of cocaine were never tested for fingerprints, and other items that were tested, like the gun, did not reveal any fingerprints at all.

Viewing all of the evidence in the light most favorable to the verdict, we hold that a rational jury could have found beyond a reasonable doubt that Simington intentionally or knowingly possessed the cocaine discovered in the apartment. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Evans*, 202 S.W.3d at 162; *Olivarez*, 171 S.W.3d at 291–92. Thus, we hold that the evidence is sufficient to support Simington's conviction for possession with intent to deliver between 4 and 200 grams of cocaine, and we overrule his first point. *See, e.g.*, *Gabriel v. State*, 842 S.W.2d 328, 330–31 (Tex. App.—Dallas 1992) (holding same based on similar facts), *aff'd*, 900 S.W.2d 721 (Tex. Crim. App. 1995).

## C. Unlawful Possession of a Firearm

Under section 46.04 of the Texas Penal Code, a person commits a crime if he possesses a firearm after the conviction and before the fifth anniversary of his release from confinement. Tex. Penal Code Ann. § 46.06(a)(1) (West 2011). There is no dispute that Simington was incarcerated for conviction of a felony less than five years prior to his arrest in this case; Simington only argues that the evidence was insufficient to link him to possession of the gun. Like in the narcotics context, when there is no evidence that the appellant was in exclusive control of the firearm, the State must offer additional, independent facts and circumstances linking him to the weapon. *See Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (citing *Poindexter*, 153 S.W.3d at 406). We use the same non-exclusive relative links set out above. *See Olivarez*, 171 S.W.3d at 291–92.

The evidence demonstrates that Simington was present during the search and that the gun was loaded, at his feet and readily accessible, and in plain view. As the State contends, "[I]t [is] rational to conclude that [Simington] was using the firearm found near him to protect that stash of drugs." Indeed, as explained above, the narcotics officers testified that the apartment was being used as a trap house. While Simington's fingerprints were not found on the gun, neither were any other finger prints discovered. Viewing all of the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that Simington exercised actual care, custody, control, or management

7

over the gun. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Poindexter*, 153 S.W.3d at 405–06. Accordingly, the evidence is sufficient to support Simington's conviction for unlawful possession of a firearm. *See, e.g.*, *Hamilton v. State*, No. 08-09-00012-CR, 2011 WL 676097, at *1–3 (Tex. App.—El Paso Feb. 25, 2011, no pet.) (not designated for publication) (holding same under similar facts). We overrule his second point.

## IV. CONCLUSION

Having overruled Simington's two points, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2015

8