

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00369-CR

MARTHA MISSIMER          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
## TRIAL COURT NO. CR12624

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Martha Missimer of possession of four grams or more but less than 200 grams of methamphetamine, a second-degree felony,[2] and assessed her punishment at fifteen years' confinement. The trial court

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a), (d) (West 2010).

sentenced her accordingly. In her sole point, Appellant contends that the evidence is insufficient to support her conviction. Because the evidence is sufficient to support the jury's verdict, we affirm the trial court's judgment.

**Brief Statement of Facts**

Officer Michael Ingram stopped the vehicle Appellant was driving because a brake light was out and the faded paper tag was illegible. Appellant does not challenge the detention. Teri Yarbrough was in the front passenger seat, and a warrant had been issued for her arrest. Appellant was driving with a suspended license and could not produce proof of insurance. She told Ingram that she was not the owner of the vehicle.

Appellant told Ingram and Officer Richard Branum, who assisted with the stop, that the vehicle, a Ford Explorer, belonged to her son's girlfriend, Amanda Mendiola, and that Mendiola had loaned her the Explorer to move her belongings to Granbury. The Explorer was loaded with clothes and plastic tote bins. Appellant declined Ingram's request to search the car, so Officer Justin McGuire, who had arrived on the scene with his drug dog, ran the dog around the car. The dog "hit" on the passenger door, and the officers searched the vehicle.

They found a black purse that Yarbrough said belonged to her, a silver bag that Appellant said belonged to her, and, in the front passenger floorboard, a cheetah-print bag that neither woman admitted to owning. Inside Appellant's silver bag, officers found $260 in cash. Appellant told them that Mendiola's brother had given her $165 and asked her to take the cheetah-print bag to

2

Granbury to give to Mendiola. Appellant also said that she had put a few cups inside the cheetah-print bag. Inside the cheetah-print bag, in addition to the cups, officers found a set of digital scales, a small Patron tequila bottle with rubber tubing containing methamphetamine residue, a wig, and a couple of large bags of methamphetamine rolled up inside the wig. In all, 16.45 grams of methamphetamine were found inside the wig in the cheetah-print bag.

Appellant told the officers that she sometimes wore a wig and was actually wearing a wig that night. Branum testified that the Patron bottle looked like it had been made into a pipe. He also testified that, based on his experience, digital scales are used to measure and divide large amounts of narcotics. Branum described sixteen grams as a "large amount" of methamphetamine. Finally, he testified that a "user amount" would be much less than sixteen grams, in part because one gram of methamphetamine would cost between $80 and $100 on the street.

In addition to the cheetah-print bag and its contents, officers found what McGuire characterized as more drug paraphernalia behind the driver's seat and in a plastic tote in the back of the vehicle. Specifically, behind the driver's seat, the police found what McGuire called "dope notes." He described the sketchy notes as a ledger for amounts of drugs sold and money owed. Officers also found two spoons with methamphetamine residue and two baggies with methamphetamine residue inside a plastic tote in the back of the Explorer.

**Sufficiency of the Evidence**

To prove unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt[3] that (1) the defendant exercised actual care, custody, control, or management over the substance, and (2) the defendant knew the substance possessed was contraband.[4]

Possession need not be exclusive.[5] In deciding whether the evidence is sufficient to link the defendant to the contraband, the trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony.[6] When the defendant is not in exclusive possession of the place where the substance is found, additional independent facts and circumstances must affirmatively link the defendant to the contraband.[7] Although the element of possession may be proved by circumstantial evidence, that evidence must affirmatively link the defendant to the offense so that a jury may reasonably infer

---

[3]*Juarez v. State*, 198 S.W.3d 790, 793 (Tex. Crim. App. 2006).

[4]*Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see* Tex. Health & Safety Code Ann. § 481.002(38) (West Supp. 2014) (defining "possession").

[5]*Poindexter*, 153 S.W.3d at 406.

[6]*Id.*

[7]*Id.*

that the defendant knew of the contraband's existence and exercised control over it.[8]

Here, Appellant told the officers that she was moving and transporting her possessions in the Explorer. Inside one of the plastic totes, the officers found spoons and baggies, all with methamphetamine residue on them. Appellant told the officers that she wore wigs and that Mendiola's brother had given her $165 to take the cheetah-print bag to Mendiola. The methamphetamine found inside the bag was wrapped inside a wig. Appellant also told the officers she had put some of her cups inside the bag. From the evidence, the jury could reasonably conclude beyond a reasonable doubt that Appellant knew the bag that she had been paid to take to Mendiola contained methamphetamine.

Viewing all the evidence in the light most favorable to the prosecution, we hold that the evidence is sufficient to support Appellant's conviction.[9] We therefore overrule her sole point and affirm the trial court's judgment.

---

[8]*Id.* at 405–06; *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (*citing McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)).

[9]*See* Tex. Health & Safety Code Ann. §§ 481.002(38), .115(a); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 2, 2015